Breashears *v.* Norman.

Opinion delivered January 30, 1928.

1. STATUTES—LEGISLATIVE INTENTION.—Intention of the Legislature in framing a statute is to be collected from the words used, the context, the subject-matter, the effects and consequences; and the spirit and reason for the law.

2. ANIMALS—STOCK DISTRICT TO FOOT OF MOUNTAIN.—Acts 1925, p. 170, § 1, prohibiting grazing of stock in certain areas, including "Lower LaFave township to the foot of Fourche Mountain on the south side," *held* to prohibit grazing to the foot of the mountain on the south side of the township, and not to the south side of the mountain, where the top of the mountain constituted the south boundary line of the township, and the mountain itself was only fit for grazing lands, and not susceptible to cultivation.

3. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—The verdict of a jury as to a disputed question of fact cannot be disturbed on appeal.

Appeal from Yell Circuit Court, Danville District; *J. T. Bullock*, Judge; affirmed.

STATEMENT OF FACTS.

This action was commenced by H. L. Norman against A. L. Breashears before a justice of the peace to recover the possession of four head of cattle. The suit was defended on the ground that the cattle had been impounded under an act prohibiting the running at large of horses, cattle, etc., in certain parts of Yell County, and that the owner of the cattle had failed to pay the fee allowed by the statute for impounding them. There was a verdict and judgment for the plaintiff in the justice court, and the defendant appealed to the circuit court. In the circuit court the case was tried upon a statement

of facts substantially as follows: It was agreed that the cattle belonged to the plaintiff, and that they were taken up while grazing in a field of the defendant in lower Lafave Township, in Yell County, Arkansas.

The record shows that Fourche Mountains are a series of mountains something like ten miles across. Fourche River flows along the north side of Fourche Mountains, and South Fourche River flows along the south side of the Fourche Mountains. On the north side of the mountains Fourche River sometimes runs right up against the mountains, and at other places the mountains are further from the river than they are at the bluffs.

In this particular case the defendant, Breashears', house is situated about 150 yards from Fourche River where you start to climb up the hills. He had 60 acres of land lying south of his house, and the cattle were in a pea-field on the extreme south side of his field, up on the mountain, when the defendant impounded them. They were between a quarter and a half a quarter mile south of his home. The field from which they were taken is up on the side of the mountain. It is about four and one-half miles from the foot of Fourche Mountain to the top of it and about four and one-half miles from the top of it to the foot on the other side. The valley to the south of Fourche Mountain opposite the farm of the defendant is in Crawford Township. The foot of the mountain opposite the farm of the defendant is the dividing line between Lower Lafave township and Crawford Township. The same condition exists as to Compton and Rover townships, which are on the north side of Fourche Mountain and east of Lower Lafave Township. Fourche Mountain is about ten miles across, and extends east and west through the southern part of Rover, Compton and Lower Lafave townships, in Yell County; that is, the top of the mountain is the southern boundary of these three townships. The top of the mountain is the highest part of the mountain, and, in crossing Fourche Mountain, you go over a series of mountains which are all connected together and are in reality

a part of the same mountain. That is to say, commencing at the first abrupt rise on the north side of Fourche River, you go up one ridge and down another until you come to the top of the mountain about four and one-half miles from Fourche River. Then you continue in the same way up one ridge or mountain and down another for four and one-half miles until you come to South Fourche River, on the south side of the mountain.

According to the evidence for the plaintiff, there is an abrupt rise in the ground after you leave the defendant's house and go towards the field from which the cattle were impounded. In other words, it is fairly inferable from the testimony of the plaintiff that the field in which the cattle were impounded was on the side of the mountain. On the other hand, the jury might have inferred that the field of the defendant was on a slope from Fourche River, and no abrupt rise in the land had begun.

The jury returned a verdict for the plaintiff, and from the judgment rendered the defendant has duly prosecuted an appeal to this court.

*Robinson & George* and *Robert Bailey,* for appellant.

*Wilson & Wilson* and *Hays, Priddy, Rorex & Madole,* for appellee.

Hart, C. J., (after stating the facts). The Legislature of 1925 passed an act to prohibit the running at large of horses, cattle, sheep, hogs, etc., in certain parts of Yell County. Acts of 1925, p. 170. Section 1 of this act reads as follows:

"It shall be unlawful for the owner, agent, or any person having charge of any horses, mules, cattle, sheep, goats, hogs, jacks, jennets or geese to permit or allow same to run at large in the following described territory of Yell County, Arkansas, to-wit: Wilson Township; Galla Rock Township; Centerville Township; Rose Creek Township; all of Dawson Township; all of Lamar Township; all of Mason Township; Ward Township; all of Gilkey Township; Lower Lafave Township to foot of Fourche Mountain on south side; Rover Township to

foot of Fourche Mountain on south side; and Compton
Township to foot of Fourche Mountain on south side;
Dardanelle Township; Delaware Township; Magazine
Township; Prairie Township; all of Danville Township
north of Petit Jean River and Chicago, Rock Island &
Pacific Railroad; Sulphur Springs Township; Ferguson
Township; Riley Township; Richland Township; Wave-
land Township.''

It is agreed that the cattle belonged to the plain-
tiff, and that they were impounded on land belonging to
the defendant in Lower Lafave Township, in Yell County.
It is conceded that the case turns upon the construction of
the words ''Lower Lafave Township to foot of Fourche
Mountain on south side.''

We have copied all of the section defining the terri-
tory in the stock-law district in order to show the con-
dition and situation of the lands as indicated by the Leg-
islature when it passed the law. The intention of the
Legislature in framing a statute is to be collected from
the words used, the context, the subject-mater, the
effects and consequences, and the spirit and reason for
the law. *Turner* v. *Edrington,* 170 Ark. 1155, 282 S. W.
1000; *Gay Oil Co.* v. *State,* 170 Ark. 587, 280 S. W. 632;
*Harris* v. *State,* 169 Ark. 627, 276 S. W. 361, and *Sum-
mers* v. *Road Imp. Dist.,* 160 Ark. 371, 254 S. W. 696.

It will be observed that the description with ref-
erence to Rover and Compton townships is identically
the same as that of Lower Lafave Township. All three
of these townships lie on the north side of Fourche Moun-
tain, and the top of Fourche Mountain is the south bound-
ary line of each of the townships. Fourche River runs
along the north side of Fourche Mountain, and in some
places there are abrupt rises, and in other places there
is a narrow valley, and the first abrupt rise leads up the
mountain. Fourche Mountain is from eight to ten miles
across from the foot of it on the north side to the foot
of it on the south side. The mountains are only fit for
grazing lands, and are not susceptible to cultivation.
Indeed, a large part of the mountain in Lower Lafave

and the adjoining townships in Yell County is in the forest reserve of the United States Government, and permits, under certain conditions, are given to cattle owners to graze their cattle there. The plaintiff had one of these permits.

Bearing in mind the situation and condition as it existed at the time the act was passed, we think it was the evident intention of the Legislature to exclude all of Fourche Mountain from the boundaries of the stock district. There is no conceivable reason why Fourche Mountain in Lower Fafave, Rover and Compton townships should have been included in the district and the rest of the mountain left out.

We have already seen the particular description applicable to this case, *i.e.,* "Lower Lafave Township to the foot of Fourche Mountain on south side." The word "to" is a word of exclusion, and the Legislature evidently meant to exclude Fourche Mountain from the limits of the stock district. We think the words, "Lower Lafave Township to the foot of Fourche Mountain on the south side," meant to the foot of Fourche Mountain on the south side of the township and not on the south side of the mountain. In the first place, the south side of the mountain opposite Lower Lafave Township would be in Crawford Township, as the top of the mountain is the dividing line between Lower Lafave and Crawford townships. While the description is somewhat awkwardly expressed, we think there can be no doubt but that this is the meaning of the Legislature, when the object and purpose of the act and all the surrounding circumstances and the situation of the land are considered together. This is the view of the matter taken by the circuit court in trying the case.

The court submitted to the jury the question of whether or not the field from which the cattle were taken was situated on the side of the mountain, at such a place where there was an abrupt rise in the land as distinguished from a gradual slope constituting the narrow valley between the southern bank of Fourche River and

the foot of the north side of Fourche Mountain. The jury settled this question of fact in favor of the plaintiff, and, under our settled rules of practice, the verdict cannot be disturbed on appeal.

It follows that the judgment of the circuit court was correct, and it will therefore be affirmed.