## HOWARD *v.* STATE.

## Opinion delivered July 3, 1922.

1. AGRICULTURE—AUTHORITY OF PLANT BOARD TO PROMULGATE RULES.— Under Crawford & Moses' Dig., §§ 8024-8041, the State Plant Board was authorized to adopt and promulgate a rule requiring cedar trees infected with rust within a certain distance of an orchard to be cut down, and one disobeying such an order is guilty of a misdemeanor.

2. AGRICULTURE—INDICTMENT FOR FAILURE TO CUT DOWN INFECTED TREE.—An indictment charging defendant with failing, after proper notice, to cut down a cedar tree infected with rust on his premises within one and one-half miles of an orchard, contrary to rule No. 51 adopted and promulgated by the State Plant Board, sufficiently informed defendant of the specific offense with which he was charged, under Crawford & Moses' Dig., §§ 8024-8041.

3. CRIMINAL LAW—STATE PLANT BOARD—JUDICIAL NOTICE.—The State Plant Board and its personnel were provided for by § 8026 of Crawford & Moses' Dig., § 8026, and therefore judicial notice will be taken of its existence and of its personnel.

4. CRIMINAL LAW—EVIDENCE.—In a prosecution for failing to cut down a cedar tree infected with rust, prohibited by rule No. 51 of the State Plant Board, after being notified by B. that the tree was infected, testimony of B. that he was chief inspector of the State Plant Board was substantial evidence from which the jury were warranted in so finding.

5. AGRICULTURE—RULE OF PLANT BOARD PROVED HOW.—In a prosecution for refusing to cut down a cedar tree infected with rust, in violation of rule No. 51, adopted and promulgated by the State Plant Board under Crawford & Moses' Dig., §§ 8024-8041, the fact of adoption and promulgation of such rule could be shown by the record of the minutes kept by the board and by evidence showing publication of a notice in various newspapers.

6. CONSTITUTIONAL LAW—USURPATION OF LEGISLATIVE FUNCTIONS.— Rule 51 of the State Plant Board, prohibiting the maintenance of cedar trees infected with cedar rust, promulgated under Crawford & Moses' Dig., §§ 8024-8041, is not a law but a method adopted by the board for carrying the law into effect, and is not void as an attempt to usurp legislative functions.

7. CONSTITUTIONAL LAW—VALIDITY OF RULE OF PLANT BOARD.—The rule of the State Plant Board prohibiting the maintenance of cedar trees infected with cedar rust was not ineffective because no penalty was fixed by such rule; the Legislature having fixed the penalty (Crawford & Moses' Dig., § 8037).

8. AGRICULTURE—VALIDITY OF RULE OF PLANT BOARD.—Rule 51 promulgated by the State Plant Board, prohibiting maintenance of cedar trees infected with cedar rust, is not void as not being within the police power of the State.

9. CONSTITUTIONAL LAW—POLICE POWER.—The State in the exercise of its police power is not restricted to matters of health, morals and municipal government, as all property within the State is held on the implied condition that it shall not be injurious to the equal right of others to the use and benefit of their own property.

10. AGRICULTURE—DISCRETION OF PLANT BOARD.—A rule of the State Plant Board requiring cedar trees infected with rust to be cut down was not unreasonable because there were other methods of preventing or eradicating cedar rust, as the selection of a remedy is necessarily left to the board.

Appeal from Benton Circuit Court; *W. A. Dickson,* Judge; affirmed.

*Rice & Rice,* for appellants.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the Benton County Circuit Court, for refusing to cut down a cedar tree on his premises, in Decatur Township, in said county, located within one and one-half miles of an apple orchard, which cedar tree was infected with cedar rust, lawfully prohibited by the provisions of rule No. 51, adopted and promulgated by the Arkansas State Plant Board, after being lawfully notified by George G. Becker, chief inspector for said board, that the cedar tree was infected with cedar rust. It is made a misdemeanor, by the law, to disobey the rules promulgated by said board. Appellant was fined one dollar. From the judgment of conviction, appellant has duly prosecuted an appeal to this court.

Appellant's first insistence for reversal is that the indictment does not charge him with a public offense, but charges him only with a violation of a rule adopted and promulgated by the Arkansas State Plant Board. The indictment charges him with failing to cut down, after proper notice, a cedar tree, infected with rust, on his premises within one and one-half miles of an orchard

in Decatur Township in Benton County, against the peace and dignity of the State of Arkansas, contrary to rule No. 51, adopted and promulgated by the Arkansas State Plant Board. The board was created and authorized to adopt and promulgate the rule in question, and a penalty fixed for a violation thereof, by the laws of this State. Secs. 8024 to 8041 inclusive, Crawford & Moses' Digest. The indictment charged a public offense in charging a violation of said rule, the adoption and promulgation of the rule having been authorized by statute. The language of the indictment sufficiently informed appellant of the specific offense with which he was charged. *Rider* v. *State,* 126 Ark. 501; *Cazort* v. *State,* 130 Ark. 453; *Palmer* v. *State,* 137 Ark. 160.

Appellant's next insistence for reversal is that the record does not show the existence of the State Plant Board or its personnel. The board and its personnel was provided for by section 8026 of Crawford & Moses' Digest. Judicial notice will, therefore, be taken of its existence and personnel. *Williams* v. *State,* 37 Ark. 463; *McCamey* v. *Wright,* 96 Ark. 477.

Appellant's next insistence for reversal is that the official capacity of George G. Becker was not established. Becker himself testified that he was chief inspector of the State Plant Board. This was substantial evidence from which the jury were warranted in so finding.

Appellant's next insistence for reversal is that the record fails to show that rule 51 was adopted or promulgated. The record of the minutes, kept by the State Plant Board, were introduced, which showed the adoption and order promulgating the rule and extending it so as to include Decatur Township. The promulgation of the order consisted in the publication of a notice in various papers of Benton County, setting forth the substance of the rule and declaring that the dissemination of cedar rust shall be prevented in certain territory, including specifically Decatur Township in Benton County.

Appellant's next insistence for reversal is that the rule is a law and that the Legislature had no authority to delegate its lawmaking power. The rule is as follows: "The maintenance of cedar trees infected with cedar rust on any premises located within one and one-half miles of an apple orchard is hereby prohibited in all territory declared in the public notices of the Board to be territory in which the dissemination of cedar rust should be prevented." The Arkansas Plant Act of 1917, makes plant insects, pests, and diseases, and every plant and plant product infested or infected therewith, a public nuisance and authorizes the Board, by ascertainment of the fact, through inspection or otherwise, to control, eradicate, and prevent the dissemination of the pests and diseases by treatment, cutting and destruction of plants and plant products infected or infested therewith. Sections 8027 and 8029 of Crawford & Moses' Digest. It will be observed that the law, making infected plants a nuisance, was enacted by the Legislature and that the power delegated to the Board was the enforcement thereof in infected districts. The rule is not, therefore, a law, but a method adopted by the Board for carrying the law into effect. Rule 51 is not void as an attempt to usurp Legislative functions but is a valid exercise of authority conferred, to enforce a law. *Cazort* v. *State*, 131 Ark. 391.

Appellant's next insistence for reversal is that rule 51 is of no effect because the Board fixed no penalty for a violation thereof. The Legislature could not delegate such authority to the Board. *Davis* v. *State*, 126 Ark. 260. The Legislature exercised that function by fixing the penalty itself. Sec. 8038, Crawford & Moses' Digest.

Appellant's last insistence for reversal is that the rule is void as being unreasonable for two reasons; first, that no question of health, morals, or municipal government is involved, and for that reason the subject-matter is not within the police power of the State; second, that other methods than cutting trees are in use for preventing or eradicating cedar rust.

(1) The State, in the exercise of its police power, is not restricted to matters of health, morals, and municipal government. Any property may be used so as to bring it within the operation of the police power. The rule is correctly stated as follows in 6 R. C. L. at p. 193: "All the property within the jurisdiction of a State, however unqualified may be the title of the owner, is held on the implied condition or obligation that it shall not be injurious to the equal right of others to the use and benefit of their own property."

(2) The purpose of the plant act is to prevent and eradicate diseases which destroy plant life, and especially fruit-bearing plants.

The election as between remedies must necessarily be left to the board who investigate the matter along scientific lines and base the rules and regulations, more or less, on scientific knowledge. This court committed itself to the doctrine that the efficacy of the remedy was not a question for the courts in the interpretation of the cattle-tick eradication statutes. *Boyer* v. *State,* 141 Ark. 84.

No error appearing in the record, the judgment is affirmed.