CROWLY *v.* THORNBROUGH, COMMISSIONER OF LABOR.

5-1113                                                294 S. W. 2d 62

Opinion delivered October 15, 1956

*Mehaffy, Smith & Williams* and *B. S. Clark*, for appellant.

*Tom Gentry*, Attorney General, *Roy Finch*, Asst. Atty. General, for intervenor.

LEE SEAMSTER, Chief Justice. The appellant, J. C. Crowly, proceeding as a taxpayer, instituted this suit in the Pulaski Circuit Court, Third Division. The complaint was filed pursuant to Act 274 of 1953, praying for a declaratory judgment and asking that the court enter a holding that Act 115 of 1955, is unconstitutional and void in violation of the constitutional rights of the appellant and other taxpayers similarly situated.

The appellants' complaint alleged that Act 115 of 1955 was unconstitutional and void due to the following reasons:

"(a) It delegates legislative power to the Commissioner contrary to and in violation of the Constitution of the State of Arkansas, particularly Article 5, Section 1, as amended by Amendment No. 7, and Article 4, Sections 1 and 2; and Article 1, Section 1 of the Constitution of the United States, in the following instances:

"(1) It adopts as a standard the minimum prevailing wage scales as determined and as will be determined in the future by the Secretary of Labor of the United States thereby making the operation of the Act subject to future federal administrative ruling.

"(2) It is incomplete in that the adoption of the minimum prevailing wage scales as determined and to be determined in the future by the Secretary of Labor of the United States affords no adequate standard to guide the Commissioner and leaves the Commissioner as the sole determinant of its extent and operation.

"(b) It violates Article 2, Section 18, Article 2, Section 3, and Amendment 14 of the Arkansas Constitution; and the Fourteenth Amendment to the Constitution of the United States in the following instances:

"(1) Section 3 exempts 'highways, and streets and/or bridge construction,' thereby favoring this type of construction over other types and creates an arbitrary and unreasonable classification which is discriminatory in effect.

"(2) The Secretary of Labor of the United States only determines the prevailing wage rate for areas in which a federal project is contemplated. Consequently, the Act discriminates as to those areas in which the Secretary of Labor has made no determination. Moreover, many of the determinations made by the Secretary of Labor in Arkansas are out of date and the operation of the Act would discriminate as to these areas.

"(3) Section 1 insofar as it provides that the minimum wage shall be based on the prevailing wages for corresponding classes of laborers and mechanics employed on 'projects of a character similar to the contract work in the particular area in which the work is performed' is vague and uncertain because it is impossible to determine what constitutes 'projects of a character similar,' and it is impossible to accurately determine what constitutes the 'area in which the work is performed.' "

The appellee demurred to the complaint on the grounds that it did not state facts sufficient to constitute a cause of action. Thereafter, the appellee amended his demurrer to include that the court has no jurisdiction and appellant had no legal capacity to sue. The Attorney General for the State of Arkansas intervened in the suit and was allowed to file a written brief.

On February 15, 1956, the trial court entered its order overruling the appellee's amended demurrer as to the question of jurisdiction of the court. The court sustained the original demurrer in holding that Act 115 of 1955 was constitutional in every respect and dimissed the complaint. This appeal follows.

For reversal, the appellant lists the following points:

"I. The Act delegates legislative power to the Commissioner of Labor contrary to and in violation of the Constitution of the State of Arkansas and the Constitution of the United States.

"A. The Act Delegates Legislative Power to the Federal Government.

"B. The Act Is Incomplete In That It Affords No Adequate Standards.

"II. The Act is unconstitutional because it violates Article II, Section 18, Article 2, Section 3, and Amendment 14 of the Arkansas Constitution; and the Fourteenth Amendment to the Constitution of the United States.

"A. The Act Creates an Arbitrary and Unreasonable Classification which is Discriminatory in Effect.

"B. The Act Discriminates as to Those Areas in Which the Secretary of Labor Has Made No Determination.

"C. The Act Is Vague and Uncertain."

Act 115 of 1955 provides for minimum prevailing wages to be paid on certain state, county, municipal or other taxing agencies public construction projects. Briefly stated, the Act requires that the advertised specifications for every contract to which the state, any county, city or town, or any taxing agency is a party, for construction, alteration, and/or repair of public buildings or works, and which contract involves employment of mechanics and laborers, shall contain a provision stating that the minimum wages to be paid shall be based upon the wages that will be determined by the Secretary of Labor of the United States to be prevailing for the corresponding classes of laborers and mechanics on projects of a character similar to the contract work in the particular area in which the work is to be performed. Every contract shall contain a stipulation that the contractor shall pay such workers the wage rates in the advertised specifications. The wage scale shall be posted by the contractor in a prominent spot at the job site.

The Act also provides that if a contractor does not pay the advertised wage rate, then the difference between that paid and the advertised wage rate which should have been paid shall be withheld by the contracting officer or agency from amounts due the contractor.

Section 3 of the Act provides that the Act does not apply to highway, street and/or bridge construction, it being the specific intent to exempt this type of construction.

Section 4 of the Act provides "it shall be the duty of the Arkansas State Department of Labor to procure and maintain, at all times, the latest and most current information from the Secretary of Labor of the United

States concerning minimum prevailing wages for the various classes of laborers and mechanics for all the various areas in this State, and to furnish such information to all persons upon request therefor.''

Section 7 of the Act provides that the purpose and intent of the Act is to provide and establish minimum prevailing wage scales on all public works involving the aforesaid agencies and because the Secretary of Labor of the United States maintains such information pursuant to the Davis-Bacon Act and this information is accurate and readily available and will provide for uniformity.

Section 8 of the Act provides that if the contracting officer or agency finds that any laborer or mechanic employed by the contractor is being paid a rate of wages less than called for by the contract, the contracting officer or agency may, by written notice to the contractor, terminate the right to proceed with the work and hold the contractor or his sureties liable to the agency for any excess costs occasioned thereby.

On September 20, 1955, the Arkansas State Labor Department adopted rules and regulations under the alleged authority to do so under the provisions of Act 115 of 1955. Rule 1 (B) defines ''area'' as follows:

'' 'Area': Area as used by these rules shall consist of an area established by the Commissioner of Labor, at the time the request for such establishment is made, and shall be based upon determination of wage rates in area where Secretary of Labor of United States has not established rates.''

Rule 2 makes an area determination as follows:

''It having been determined that the Secretary of Labor of the United States makes a determination of wage rates in a particular area in Arkansas only when a project is contemplated therein and a request is made for a determination involving said project by another Federal Agency; and further that many wages rates furnished the Department of Labor of the State of Arkansas are obsolete due to the expiration of the date such rate was established; the Commissioner of Labor of the State of

Arkansas herein assumes the analogous authority of the Secretary of Labor of the United States as to the extent that he shall establish the minimum prevailing wage determination in such above referred areas as follows:

"A. The establishment of a minimum prevailing wage rate in a county in which the Secretary of Labor has not specifically established a minimum rate shall be based upon the proximity to the labor market area having the most similar and comparable crafts and skills already established by the Secretary of Labor of the United States in which said county is situated.

"B. When a written request is made upon the Commissioner of Labor for the State of Arkansas under the provisions of Acts 1955, No. 115, for a determination of rates in the locality referred to in Section 2A above, the Commissioner of Labor shall be given ten days after the receipt of such request to make such determination; provided, however, that if such determination has already been made for such locality then only in that event such rates shall be provided forthwith."

Act 115 attempts to fix a minimum wage to be paid on certain State, county, municipal or taxing agency public construction or works. A provision exempts highway, street and/or bridge construction.

The Act provides that "the minimum wages to be paid various classes of laborers and mechanics shall be based upon the wages that will be determined by the Secretary of Labor of the United States to be prevailing for the corresponding classes of laborers and mechanics employed on projects of a character similar to the contract work in the particular area in which the work is to be performed."

The findings of the State Labor Department show that "the Secretary of Labor of the United States makes a determination of wage rates in a particular area in Arkansas only when a (Federal) project is contemplated therein and a request is made for a determination involving said project by another federal agency; and further that many wage rates furnished the Department of

Labor of the State of Arkansas are obsolete due to the expiration of the date such rate was established."

The Act fails to establish a standard or formula by which a wage scale may be formulated; but rather delegates to the Secretary of Labor of the United States the right to fix the minimum wage scale to be paid in a particular area of this State. The State retains no control over the Secretary of Labor of the United States, therefore the Act violates Article 4, Sections 1, 2 and Amendment 7 to our State Constitution. Numerous decisions from other states have held similar legislation to be an unconstitutional delegation of legislative authority to an agency of the United States Government. *Hutchins* v. *Mayo,* 143 Fla. 707, 197 So. 495, 133 A. L. R. 394; *Smithberger* v. *Banning,* 129 Neb. 651, 262 N. W. 492, 100 A. L. R. 686; *State* v. *Gauthier,* 121 Me. 522, 118 A. 380, 26 A. L. R. 652; *Holgate Bros. Co.* v. *Bashore,* 331 Pa. 225, 200 A. 672, 117 A. L. R. 639

Act 115 contains no provision for the establishment of prevailing minimum wage rates for those areas in which the Secretary of Labor of the United States has made no determination or those areas in which previous determinations have become obsolete and out-of-date. For this reason the Act discriminates as to those areas, since there is no standard or formula by which such wage rate may be determined, thereby making the Act local or special in its effect. This discrimination violates Amendment 14 to our State Constitution.

The Act is vague and indefinite in that it fails to define "a particular area." To a County Judge, his area would be his County; to a Mayor, his area would be a municipality; and, to school directors, their area would be their school district. By the provisions of the Act, it is impossible to accurately determine what constitutes the "area in which the work is performed." The Act fails to confer on any agency the authority to determine facts necessary for fixing the limits of any particular area.

The rules and regulations adopted by the Arkansas Department of Labor, with reference to said Act 115,

are void, due to the fact the Act failed to authorize the making of such rules and regulations.

In the case of *Connaly* v. *General Construction Company,* 269 U. S. 385, 70 L. Ed. 322, 46 S. Ct. 126, the court held that a similar statute was so uncertain, both in the use of words "current rate of wages" and "locality," as to deprive contractors of their property without due process of law.

For the reasons stated above, we find that Act 115 of 1955 and the rules and regulations adopted by the Arkansas Department of Labor pertaining thereto are unconstitutional and void.

Reversed and remanded.