CHENEY *v.* ST. LOUIS SOUTHWESTERN RAILWAY CO.

5-3596                                            394 S. W. 2d 731

Opinion delivered October 25, 1965.

*Lyle Williams* and *Tom Tanner,* for appellant.

*Smith, Williams, Friday & Bowen,* for appellee.

FRANK HOLT, Associate Justice. This action tests the validity of an income tax statute. The appellee, engaged in interstate rail transporation, filed its 1962 income tax return with appellant. Appellee computed its income tax liability ($338,673.78) pursuant to Act No. 413 of 1961, § 1 and §§ 3—19 inclusive [Ark. Stat. Ann. § 84-2055 and §§ 84-2057—2073 (Repl. 1960) and Act No. 118 of the Acts of 1929, § 15, as amended, § 84-2020]. Appellant contends that appellee's taxable income should have been computed pursuant to the provisions of Arkansas Acts of 1929, No. 118, § 3 (e), Ark. Stat. Ann. § 84-2003 (e) and, therefore, a deficiency of $41,546.76 exists. Appellant and appellee agree that their respective math-

ematical computations are correct. In other words, appellant and appellee disagree as to which statute governs appellee's income tax liability. Appellee asserts that § 84-2003 (e) is unconstitutional and the trial court sustained appellee's contention.

On appeal the appellant first contends for reversal that the trial court erred in holding that § 84-2003 (e) is unconstitutional in that it delegates legislative power to the federal government contrary to and in violation of Article 5, § 1, as amended by Amendment #7 and Article 4, §§ 1 and 2 of the Constitution of the State of Arkansas. We think the chancellor was correct.

It is agreed that: "The statute relied upon by the Defendant for the assertion of the deficiency was enacted as part of the Income Tax Law of 1929. The particular section of the 1929 Acts has not been amended. The statute, in general, provides that the income taxable in Arkansas of any corporation engaged in the business of operating a steam or electric railroad, express service, telephone or telegraph business, or other such forms of public service, shall be a proportionate part of the corporation's gross revenues, deducting therefrom a proportionate part of all deductions. The revenues, deductions and the allocations thereof are to be determined under the Interstate Commerce Act pursuant to the Interstate Commerce Commission's standard classification of accounts." This standard classification of accounts is a system promulgated by the Interstate Commerce Commission in which various account headings are designated for use by interstate carriers to assure uniformity in reporting for ratefixing purposes and not income tax purposes. Paragraph 3 of § 20 of the Interstate Commerce Act gives the Interstate Commerce Commission discretionary authority to prescribe this uniform standard classification of accounts applicable to appellant. Pursuant to this authority and by congressional enactment many changes have been made due to business operations and advances in technology. The changes have affected the Interstate Commerce Commission's determination of "net income" for their rate-fixing purposes.

The tax deficiency here assessed by the appellant against the appellee was determined under the 1962 or the then current standard classification of accounts and not the standard that existed in 1928. This cannot be done since it in in effect surrenders to a federal agency the responsibility of determining for Arkansas the "net income" of appellee. This is a fluid formula since the standard varies as the Interstate Commerce Commission sees fit to make changes for its rate-making purposes. Thus, appellee's tax liability to Arkansas is based upon a formula subject to prospective federal legislation or administrative rules. It is unconstitutional. *Crowly* v. *Thornbrough,* 226 Ark. 768, 294 S. W. 2d 62. There we disapproved a statute which provided that minimum wages to be paid must be predicated upon the minimum wages determined by the Secretary of Labor of the United States.

In the case at bar, as in *Crowly* v. *Thornbrough, supra,* the state retains no control over the future action of a federal agency. Section 84-2003 (e) in effect delegates power to such an agency that is expressly reserved to our legislature by our constitution. Article 5, § 1, as amended by Amendment 7 and Article 4, §§ 1 and 2, Constitution of Arkansas. See, also, *McLeod* v. *Commercial National Bank,* 206 Ark. 1086, 178 S. W. 2d 496; *State* v. *Urquhart,* 310 P. 2d 261 (Wash. 1957); *Dawson* v. *Hamilton,* 314 S. W. 2d 532 (Ky. 1958); and the annotation in 133 A. L. R. 401.

It is true that the constitutionality of the Act in question has previously been approved by us. *Cook* v. *Taylor,* 210 Ark. 803, 197 S. W. 2d 738; *Commissioner of Revenues* v. *Transcontinental Bus System, Inc.,* 227 Ark. 811, 301 S. W. 2d 569; *Cheney, Commissioner of Revenues* v. *East Texas Motor Freight, Inc.,* 233 Ark. 675, 346 S. W. 2d 513. However, a careful review of these cases reveals that the point at issue was never considered by us.

Appellant also urges for reversal that the trial court erred in holding that the statute in question is void by reason of making an illegal incorporation by reference

and, also, is void for vagueness, indefiniteness or uncertainty. Since we are affirming the trial court's holding that the statute is unconstitutional as an illegal delegation of legislative authority we deem it unnecessary to discuss these points.

The decree is affirmed.