JACK BLAND, ET AL v. JERRY MAHAN

4740                                               432 S.W. 2d 827

Opinion Delivered October 21, 1968

*Joe Purcell*, Atty. Gen.; *Don Langston, Asst. Atty.* Gen. for appellants.

*Highsmith, Harkey & Walmsley* for appellee.

CONLEY BYRD, Justice.   The appellants, Conway County Clerk Jack Bland, Attorney General Joe Purcell and Ruth Clements, J. C. Stroud and J. C. Oliger, the Conway County Board of of Election Commissioners, appeal from a judgment declaring Ark. Stat. Ann. § 3-841 (Supp. 1967) (Acts 1965, No. 68, § 1), invalid and directing the return of $800 paid under protest by appellee Jerry Mahan, an independent candidate for Sheriff in the 1966 general election.   The sole issue is the constitutional validity of § 3-841, *supra.*

The record shows that the Conway County Republican Party fixed its primary ballot fee for the office of County Sheriff at $500, and that the Conway County Democratic Party fixed its fee for the Sheriff's office at $800. Ark. Stat. Ann. § 3-205 (Supp. 1967), recognizes that a person seeking to qualify as a candidate for party nomination must "pay such ballot fees as may be required by said party."

Under Arkansas law a person may qualify as a candidate for public office in any one of three ways:

    1.  As the nominee of a political party holding a primary election;

    2.  As an independent candidate by the filing of petitions signed by 15% of the total number voting for Governor at the preceding general election; and

    3.  As a write-in candidate by giving written notice to the County Board of Election Commissioners 30 days prior to the election.

A candidate qualifying as a party nominee, in addition to presenting his certificate of nomination, must pay a fee of three dollars required by Ark. Stat. Ann. § 3-261 (Supp. 1967). An independent candidate, in addition to filing his petitions, must also pay the three dollar fee and comply with § 3-841, *supra*, the validity of which is here in question. No fees are required of write-in candidates.

The record shows that appellee first qualified as a Republican candidate for Sheriff, but withdrew and qualified as an independent candidate. Although he was defeated in the 1966 general election, we still have the issue of the validity of the statute before us because of the $800 paid under protest to the County General Fund.

Section 3-841, *supra,* here in question provides:

"Hereafter, any person who shall file as an independent candidate, as authorized by Act No. 352 of 1955 (Ark. Stats. (1947) Sec. 3-836 through 3-840), for election as United States Senator or Congressman, or for any state, district, or county office in this State shall pay a filing fee in the same amount charged by the appropriate officals of the political party in this State charging the greatest filing fee for nomination for such office at the primary election of such political party preceding the general election at which such person is a candidate. Such filing fee shall be paid by such independent candidate at the time of filing petitions required by said Act 352 of 1955, but in no event later than sixty (60) days preceding the date of the general election at which such person is to be a candidate. Such fees shall be credited to the county general fund."

In *Crowly* v. *Thornbrough, Comm'r of Labor,* 226 Ark. 768, 294 S.W. 2d 62 (1956), we had before us an act delegating to the Secretary of Labor of the United States the right to fix the minimum wage scale on public construction contracts to which the State was a party. In holding that act invalid, we said:

"The Act fails to establish a standard or formula by which a wage scale may be formulated; but rather delegates to the Secretary of Labor of the United States the right to fix the minimum wage scale to be paid in a particular area of this State. The State retains no control over the Secretary of Labor of the United States, therefore, the Act violates Article 4, Sections 1, 2 and Amendment 7 to our State Constitution. Numerous decisions from other states have held similar legislation to be unconstitutional delegation of legislative authority to an agency of the United States Government."

Here, too, § 3-841, *supra,* fails to establish a standard or formula by which the fees for independent candidates are to be fixed. Therefore, we hold that the statute is invalid because it is an unconstitutional delegation of the legislative authority.

Affirmed.