## FARMERS & MERCHANTS BANK OF STUTTGART
### *v.* Walter SKELTON, Commissioner of Revenues

79-193                              587 S.W. 2d 561

Opinion delivered October 15, 1979
(Division I)

*Macom, Moorhead & Green,* by: *William M. Moorhead,* for appellant.

*Jack East, III, Barry E. Coplin, H. Thomas Clark, Jr., Timothy Leathers,* by: *Joseph V. Svoboda,* for appellee.

GEORGE ROSE SMITH, Justice. For the years 1973, 1974, and 1975 the taxpayer, Farmers & Merchants Bank of Stuttgart, took an annual deduction of $39,145.20 on its Arkansas income tax returns, although the deduction in question was not one listed in the Arkansas income tax law. Ark. Stat. Ann. §84-2016 (Repl. 1960 and Supp. 1977). The Commissioner of Revenues disallowed the deduction for each year. The bank paid the taxes, totaling $7,405.71, and brought this suit for their recovery. This appeal is from a decree sustaining the Commissioner's position. We agree with the trial court.

All the facts are stipulated. Before the 1973 tax year, banks were exempt from the Arkansas income tax and presumably filed no income tax returns with the state. The deductions now in question arise from a federal income tax regulation that was repealed as of January 1, 1972, while the income of banks was still exempt from the Arkansas tax.

Before the repeal of the federal regulation this taxpayer and other banks were permitted under federal tax law to follow an accounting system by which all the interest called for in installment notes, payable over a period of years, was shown as income in the year in which notes were received. For instance, if this appellant received a note in 1965, payable with interest in three annual installments, the entire amount of interest was shown as having been received in 1965, even though most of it would be paid in later years. Federal income taxes were collected pursuant to that accounting system.

The Federal Internal Revenue Service, beginning with the 1972 tax year, changed the regulation by requiring banks to show interest on installment loans as income for the year in which the interest was paid. The IRS determined that as of December 31, 1971, this appellant had accrued on its books, and paid the federal income tax on, interest amounting to $391,452.00 which had not yet been actually received. To avoid double taxation the IRS adopted a regulation permit-

ting the appellant to deduct one tenth of the $391,452.00 each year for ten years. When Arkansas began to tax the income of banks in the 1973 tax year, the appellant claimed that it was entitled to deduct on its state return the same $39,145.20 item that it was being permitted to deduct on its federal return.

We can find no legal or equitable basis for the appellant's contention. There is no question of double taxation, as there was with respect to the federal tax, because Arkansas did not tax any part of the $391,452.00 upon which the appellant had paid federal taxes before the federal regulation was changed. Nevertheless, the bank argues two theories to support the allowance of the deduction under Arkansas law.

First, our statute defines the word "received," for the purpose of computing net income, as meaning either received or accrued, depending on whether the taxpayer is on a cash basis or an accrual basis. §84-2002(14) (Repl. 1960). The bank argues that it accrued the income on its books in the years when the installment notes were executed and hence cannot be taxed for that income in later years. The answer to this contention is simply that those years are irrelevant, because the bank was then exempt from our income tax. The Commissioner of Revenues had no occasion to examine the appellant's books in those years to determine if they correctly reflected the bank's taxable income. §84-2007(b) (Repl. 1960). What is relevant, however, is that in 1973 and later years, when Arkansas began to tax the income of banks, the appellant's books showed the interest now being taxed as having been "received" in those years. Hence it was taxable according to the appellant's own books.

Second, even though our statute does not recognize the deduction now claimed, it is argued that the effect of Section 84-2048 is to adopt all federal deductions. That argument cannot be sustained. In the first place, the statute merely provides that the Commissioner shall, as far as possible and practicable, use the same blank tax forms as those used by the United States. The adoption, for convenience, of the same blank forms certainly does not mean that the state also adopts the federal income tax law in its entirety. In the se-

cond place, such a blanket attempt to adopt federal law would be of doubtful validity, as amounting to a delegation of legislative power. *Crowly* v. *Thornbrough*, 226 Ark. 768, 294 S.W.2d 62 (1956).

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.