Mr. Mahlon Martin, Director Dept. of Finance and Administration P.O. Box 3278 Little Rock, Arkansas 72203
Dear Mr. Martin:
This is in response to your request for an opinion regarding the adoption of Federal Adjusted Gross Income (AGI) as a starting point in calculating the tax base in Arkansas for purposes of imposing a "single business tax." Your questions are restated as follows:
 May Arkansas adopt AGI as a starting point to calculate state tax? If so, may Arkansas adopt AGI prospectively to incorporate any subsequent changes in Federal law? Also, may adoption be accomplished constitutionally by citing Federal law sections adopted without reiterating the text of the law?
It is my opinion, with regard to the prospective adoption question, that an attempt to incorporate subsequent changes in the federal law would run afoul of the constitutional prohibition against the delegation of legislative authority. See Const. Ark. Art. 4, 1 and 2.
This prohibition formed the basis for the Arkansas Supreme Court's decision in the case of Cheney v. St. Louis Southwestern Railway Co., 239 Ark. 870, 394 S.W.2d 731 (1965), which involved a section of the Income Tax Law of 1929. The section in question stated, in essence, that the taxable income of certain corporations would be determined under the Interstate Commerce Commission's standard classification of accounts. (This system designates account headings to insure uniformity for rate-making purposes.)239 Ark. at 871. The court noted that the standard classification of accounts varies as changes are incorporated by the Commission, thus affecting the determination of the "net income" for rate-making purposes. Id. The significance of the opinion lies in the following discussion:
 The tax deficiency here assessed by the appellant against the appellee was determined under the 1962 or the then current standard classification of accounts and not the standard that existed in 1928. This cannot be done since it in effect surrenders to a federal agency the responsibility of determining for Arkansas the `net income' of appellee. This is a fluid formula since the standard varies as the Interstate Commerce Commission sees fit to make changes for its rate-making purposes. Thus, appellee's tax liability to Arkansas is based upon a formula subject to prospective federal legislation or administrative rules. It is unconstitutional. Crowly v. Thornbrough, supra, the state retains no control over the future action of a federal agency. [The section] in effect delegates power to such an agency that is expressly reserved to our legislature by our constitution. Article 5, 1, as amended by Amendment 7 and Article 4, 1 and 2, Constitution of Arkansas. [Citations omitted.]
239 Ark. 872.
The case of Crowly v. Thornbrough, 226 Ark. 768, 294 S.W.2d 62
(1956), cited in Cheney, supra, further suggests the inadvisability of adopting federal AGI in a prospective manner. The court in Crowly declared unconstitutional Act 115 of 1955 based, in part, upon the unlawful delegation prohibition. Under the act, the minimum wages paid on certain public construction contracts were to be based upon prevailing wages as determined by the United States Secretary of Labor. The court stated the following in declaring the act unconstitutional and void:
 The Act fails to establish a standard or formula by which a wage scale may be formulated; but rather delegates to the Secretary of Labor of the United States the right to fix the minimum wage scale to be paid in a particular area of this State. The State retains no control over the Secretary of Labor of the United States, therefore the Act violates Article 4, Sections 1, 2 and Amendment 7 to our State Constitution.
226 Ark. at 744.
The foregoing compels our conclusion that the prospective adoption of federal AGI should not be pursued in the absence of an amendment to our Constitution conferring such authority.
With regard to the adoption of federal AGI as a "starting point," you note in your correspondence that the adoption of Internal Revenue Code sections by reference has also been questioned as an unconstitutional revival, amendment or extension of a law. This question involves Article 5, Section 23 of the Constitution of Arkansas which states as follows:
 No law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only; but only so much thereof as is revived, amended, extended or conferred shall be reenacted and published at length.
It has been stated in reference to this provision that [a]fter more than a hundred years, the precise meaning and application of this language remains somewhat unsettled." Mullins, A Handbook for Legislative Drafters 127 (1986). Indeed, the Arkansas Supreme Court has on at least one occasion acknowledged the inconsistency of its past decisions involving this constitutional provision. See Hall v. Ragland, 276 Ark. 350, 354, 635 S.W.2d 228 (1982).
While questions involving legislative references to Internal Revenue Code sections are therefore not easily answered, it is my opinion that reference to current federal AGI provisions may be successfully defended, so long as there is no attempt to incorporate a provision that reflects a "fluid formula." See Cheney, supra, at 872. (The provision in question in Cheney was problematic because the standard varied as the Interstate Commerce Commission made changes.) It may be successfully contended in this regard that the citation to current federal AGI falls within the line of cases involving "reference statutes," that is, legislation which cross-references other statutes governing related matters not actually "revived, amended, extended or conferred" by the particular enactment. This legislative drafting technique is not prohibited under Section 23 of Article 5. Rather, as noted by the Arkansas Supreme Court in the case of Austin v. Manning, 217 Ark. 538,541, 231 S.W.2d 101 (1950), "[s]uch legislation, known as reference statute, is quite common, and is uniformly upheld. It refers to another statute to regulate the procedure to make its provisions effective, and legislation would be very cumbersome and difficult if such acts were not held valid." (Citing Jernigan v. Harris, 187 Ark. 705, 710, 62 S.W.2d 5 (1933).)
The court in Jernigan v. Harris, supra, cited to a prior decision involving a statute providing that chancery courts shall have concurrent jurisdiction with the circuit courts under an existing statute. The Jernigan court restated its rejection of Article 5, Section 23 argument in the prior decision as follows:
 In overruling this contention we there said: `The two sections of the statute exist as separate and district legislative enactments. The later act in manner attempts to amend or change the existing requirements as to the removal of the disability of minors. It simply confers the power upon the chancery courts to remove their disabilities, and provides that it shall be done under an existing statute as to the procedure. . . .'
Jernigan v. Harris, 187 Ark. at 710-711, citing Wilson v. Magnolia Petroleum Co., 181 Ark. 391, 26 S.W.2d 92 (1930). The validity of reference statutes was also confirmed in Hall v. Ragland, supra, at 355.
It is therefore my opinion that the adoption of Federal Adjusted Gross Income, by reference to 26 U.S.C. § 62, as a starting point in calculating the tax base in Arkansas, is as a general proposition constitutionally sound. However, the foregoing concerns with respect to avoiding prospective adoption must be considered. And, of course, a conclusive determination would require review of the particular legislative enactment in question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.