The Honorable John W. Parkerson State Representative 520 Ouachita Avenue Hot Springs, Arkansas 71901-5196
Dear Representative Parkerson:
This is in response to your request for an opinion concerning Arkansas' adoption of the federal regulations governing mandatory controlled substance testing of motor carriers operating ininterstate commerce. Specifically, you note that the federal regulations governing such testing appear at 49 C.F.R. 391.81 — 391.123. You state that it is your understanding that these federal regulations have been adopted "in full and verbatim" in Arkansas. You then state that it is your information that the Arkansas Highway Police believe that drivers of commercial motor vehicles involved in intrastate commerce must be tested for controlled substances. In light of the above facts, you pose the following two questions:
 1. Whether Arkansas has enacted regulations which require drug testing and education for commercial motor vehicle drivers on intrastate movements.
 2. Whether sub-part H titled `Controlled Substance Testing' of the Arkansas Commercial Motor Carrier Safety Regulations apply to intrastate commerce.
It is my opinion that the answer to your first question is "yes."
Rule 17.1 of the General Rules of Practice and Procedure and Special Rules Governing Carriers before the Arkansas Transportation Commission[1] provides as follows:
 The laws of the State of Arkansas, and all rules and safety regulations now, or hereafter to be, prescribed and adopted by the Federal Highway Administration, U.S. Department of Transportation, applicable to motor vehicles, not in conflict with the laws of the State of Arkansas, attached to and made a part hereof, are hereby adopted and prescribed as the safety rules and regulations applicable to the operation of motor vehicles under the safety jurisdiction of this Commission.
[Emphasis added.]
Although, as you note, the federal regulations are adopted "in full and verbatim," they are adopted as being applicable to motor vehicles over which the Commission has "safety jurisdiction." The Highway Commission, and the State Highway and Transportation Department do have jurisdiction over motor carriers operating entirely intrastate. See A.C.A. § 23-2-209 (Cum. Supp. 1991), and A.C.A. § 23-13-204, except as exempted by A.C.A. §23-13-206 (Cum. Supp. 1991). Rule 17.1 therefore makes the federal regulations applicable to motor vehicles traveling intrastate.[2]
Your second question concerns "sub-part H" titled "Controlled Substance Testing" of the "Arkansas Commercial Motor Carrier Safety Regulations," and whether this "sub-part" applies to intrastate commerce. It must be noted that there are no separate "Arkansas Commercial Motor Carrier Safety Regulations." The Arkansas regulations merely adopt, by virtue of Rule 17.1 above, the federal regulations. As stated previously, this Rule, in my opinion, makes these federal regulations applicable to intrastate commerce in Arkansas.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The Arkansas Transportation Commission was abolished and replaced by the Transportation Regulatory Board and The Transportation Safety Agency pursuant to Acts 1987, No. 572. Acts 1989 (1st Ex. Sess.), No. 67, § 23, however, and Acts 1989 (1st Ex. Sess.), No. 153, §§ 2 and 3, abolished the board and the agency and transferred their powers, functions, and duties to the State Highway Commission and the State Highway and Transportation Department.
[2] A question may arise, however, as to whether Rule 17.1 constitutes an unlawful delegation of legislative authority, in that it delegates to a federal regulatory agency the power to make future law for the State of Arkansas. Because this question does not form the basis of your request, and because in any event a decision in this regard will ultimately have to be made by a court, I express no opinion on this question. See e.g. Curryv. State, 279 Ark. 153, 649 S.W.2d 833 (1983) and Cheney v. St.Louis Southwestern Railway Co., 239 Ark. 870, 394 S.W.2d 731
(1965).