Colonel John R. Bailey Director, Arkansas State Police P.O. Box 5901 Little Rock, AR 72215
Dear Colonel Bailey:
This is in response to your request for an opinion regarding A.C.A. §12-80-104 (Cum. Supp. 1993), which addresses seismic design requirements for public structures. Your question pertains to subsection (a) of §12-80-104, which states:
 (a)(1) Hereafter, neither the state, any county, city, township, village or private entity shall construct, add to, alter, retrofit, or remodel any public structure unless the structural elements are designed to resist the anticipated forces of the designated seismic zone in which the structure is located.
 (2) Design loads and seismic design requirements shall be, as a minimum, those listed in the chapter of Minimum Design Loads and referenced chapters from the Standard Building Code, 1988, or latest edition with revisions.
You have asked the following questions with reference to this Code section:
 Is it legal for a standard to be adopted into State law by utilizing the above referenced verbiage? Must a referenced Standard adopted into law be a specific edition?
It is my opinion that the apparent effort under § 12-80-104 to adopt by reference future editions of the Standard Building Code is of doubtful validity under the constitutional separation of powers doctrine. Ark. Const. art. 4, §§ 1 and 2. It is generally stated, pursuant to this doctrine, that the legislature may confer discretion in the administration of the law. It may not, however, delegate the exercise of its discretion as to what the law shall be. 16 C.J.S. Constitutional Law
§ 137 (1984). The latter form of delegation constitutes an unlawful delegation of legislative authority, and has been held to preclude legislative attempts to adopt by reference future legislation, rules, regulations or amendments to existing regulations.[1] See generallyCheney v. St. Louis Southwestern Railway Co., 239 Ark. 870,394 S.W.2d 731 (1965) (rejecting as unconstitutional that part of the Income Tax Law of 1929 under which certain corporate tax liability was to be based upon a formula subject to prospective federal legislation or administrative rules); City of Warren v. State Construction Code Commission,66 Mich. App. 493, 239 N.W.2d 640 (1976) (stating that while the legislature clearly may incorporate by reference existing statutes, it cannot adopt by reference future legislation, rules, or regulations which are subsequently enacted or promulgated by another sovereign authority).
The general prohibition against adopting future legislation or regulations by reference has been applied in the context of rules or standards developed by private entities. See City of Warren, supra. Cityof Warren involved the Michigan State Construction Code Act's incorporation of building codes promulgated by private agencies. The act directed the State Construction Code Commission to promulgate the state construction code, and in connection therewith required that the code consist of nationally recognized model building codes. The Commission, in preparing and promulgating the construction code, incorporated by reference the 1970 edition of and a 1973 cumulative supplement to the Basic Building Code, which was the product of a private association of building officials and code enforcement officials from throughout Canada and the U.S. 239 N.W.2d at 642. The Construction Code Act was challenged as unconstitutionally delegating to the Construction Code Commission the power to promulgate a construction code; and the code promulgated by the Commission was challenged as unconstitutionally incorporating a building code promulgated by private entities. The first challenge was rejected because of the sufficiency of the guidelines under the act for the Commission to follow in adopting the State Construction Code. Id. at 643. The court also rejected the argument that the Commission could not constitutionally adopt construction code provisions promulgated by private entities, holding that this falls within the well-established rule authorizing the incorporation of existing statutes by reference. Id. The court stated that it saw "no reason why a nationally recognized model building code should be treated different from a statute in this regard."Id. at 644. The court was careful, however, to note that there was no attempt by the Commission to adopt any future building code. The following discussion in this regard offers guidance in addressing your question regarding A.C.A. § 12-80-104(a)(2):
 It is well established that the Legislature may, in enacting legislation, incorporate by reference existing statutes. [Citations omitted.] But an attempt by the Legislature to adopt by reference future legislation, rules, regulations, or amendments to existing legislation, which are subsequently enacted, adopted or promulgated by another sovereign entity does constitute an unlawful delegation of legislative power. [Citations omitted.] In the case at bar, the State Construction Code Act specifically refers to such codes as were adopted by reference by the Commission. None of the codes referred to or adopted by the Commission were promulgated later than the effective date of the act, and moreover such rules were specifically approved by the joint legislative committee pursuant to the Administrative Procedures Act of 1969. . . . [Citations omitted.]
Id.
It thus seems clear that there would have been a violation of separation of powers had the Commission, in promulgating the state construction code, purported to incorporate future building codes. The adoption by reference of existing codes was, however, deemed lawful. See alsogenerally Independent Electricians and Electrical Contractors'Association v. New Jersey Board of Examiners of Electrical Contractors,54 N.J. 466, 256 A.2d 33 (1969) (upholding legislation requiring performance of electrical construction in accordance with the standards of the National Electrical Code, the standard accepted safety code in the electrical industry which is promulgated by a private organization);Meyer v. Ford, 37 Or. App. 59, 586 P.2d 367 (1978) (stating that the legislature or an administrative agency may adopt a particular edition of a set of standards or a codification so long as future modifications or alterations by the agency or organization responsible for the standards are not automatically included).
It is therefore my opinion, following the above guiding principles, that the apparent attempt under § 12-80-104 to adopt subsequent editions of the 1988 Standard Building Code is constitutionally suspect. The separation of powers doctrine has been construed to authorize the adoption of existing standards such as this. The adoption by reference of future editions is, however, in my opinion, subject to challenge as an unlawful delegation of legislative power.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The desire for uniformity of federal-state regulation has led to states' adoption in some instances of existing federal legislative policies and prospective administrative determinations thereunder. SeeState v. Hotel Bar Foods, Inc., 18 N.J. 115, 112 A.2d 726, 732 (1955) (stating that "there are reasoned decisions which tend to support the view . . . that a state legislature, in dealing with [a matter that is] properly subject to extensive federal regulation, may constitutionally provide that its administrator's regulations shall be brought into conformity with pertinent federal regulations as they are duly promulgated and amended from time to time.")