Arkansas Libertarians Eliminating Regressive Taxes (ALERT) c/o Gerhard Langguth 243 White Road Russellville, AR 72802
Dear Mr. Langguth:
You have requested certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the following popular name and ballot title for a proposed amendment to the Arkansas Constitution, as follows:
 Popular Name AMENDMENT ELIMINATING TAXES ON FOOD AND MEDICINE Ballot Title THE PEOPLE OF ARKANSAS EXERCISING THEIR RESERVED POWERS HEREBY ABOLISH AND FOREVER PROHIBIT THE TAXATION OF FOOD AND MEDICINE WITHIN THIS STATE.
 FOR THE PURPOSES OF THIS AMENDMENT, "FOOD" SHALL MEAN ANY ITEM THAT MAY BE PURCHASED WITH FEDERAL FOOD STAMP COUPONS OR IS OTHERWISE AVAILABLE UNDER ANY STATE OR FEDERAL NUTRITION ASSISTANCE PROGRAM, AND; "MEDICINE" SHALL MEAN ANY ITEM FURNISHED OR AVAILABLE AT A REDUCED COST UNDER ANY STATE OR FEDERAL HEALTH CARE ASSISTANCE PROGRAM.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose and effect of the proposed amendment or act. See Arkansas Women'sPolitical Caucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. §7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed popular name and ballot title due to certain ambiguities in both the popular name and ballot title and the text of your proposed measure. Certain additions are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct popular name and ballot title pursuant to A.C.A. § 7-9-107(b).
The first ambiguity arises out of your reference in the definitions of the terms "food" and "medicine" to the federal food stamp program and to federal health care assistance programs. Because this reference is very broad and general, and could incorporate any future definition of the terms "food" and "medicine" that might be operative under those federal programs, it could be construed to have the effect of allowing federal entities to determine the definitions of those terms for purposes of Arkansas law. Construed in this manner, the measure could constitute an unlawful delegation to the federal government of the state's power to define those terms. Crowly v. Thornbrough, Commissioner of Labor,226 Ark. 768, 294 S.W.2d 62 (1956) (Arkansas act allowing U.S. Secretary of Labor to fix the minimum wage scale to be paid in a particular area of Arkansas was unlawful delegation of state power to federal government).Accord, Harber, et al v. Shows et al, 262 Ark. 161, 553 S.W.2d 282
(1977). See also Ark. Valley Industries v. Laney, Comm'r, 242 Ark. 261,412 S.W.2d 817 (1967), Fogleman, J., dissenting.
It should be noted that this problem does not arise simply because these definitions make reference to definitions under federal law. Such a reference would not be problematic if it did not include future
definitions under federal law. The problem arises out of the fact that the reference to federal law, as it is phrased in your measure, ties the definitions of "food" and "medicine" not only to the currently operative definitions of those terms under federal law, but also prospectively to definitions that might be operative under federal law in the future. Thus, if the federal government changes the definitions of "food" and "medicine" for purposes of those federal programs in the future, the definitions of those terms would change for purposes of Arkansas law, without the approval of the legislature or the people of Arkansas. Under the current phrasing of your measure, the federal government could, by acting in the future, in essence, make Arkansas law. The legislative power of the people in Arkansas under Amendment 7 to the Arkansas Constitution cannot be delegated in this manner to the federal government.
However, the measure can be phrased in such a way that it incorporates a currently existing definition under federal law, without locking Arkansas law into any change the federal government might make in that definition in the future.
The second ambiguity in your measure and the accompanying popular name and ballot title arises out of the Arkansas Supreme Court's decision inKurrus v. Priest, 342 Ark. ___, ___ S.W.3d ___ (October 24, 2000). In that case, the Arkansas Supreme Court reviewed and considered the validity of a popular name and ballot title for a proposed measure that would have, among other things, abolished certain taxes. In the portion of the court's decision that I find to be pertinent to your proposed measure, the court held that the popular name and ballot title were misleading because they failed to identify sufficiently the precise taxes that were to be abolished, and because they failed to alert voters to the fact that the revenues generated by these taxes would not be immediately replaced. The court also held that the measure itself violated the constitutional provisions that prohibit the impairment of contracts (see
U.S. Const., Art. 1, § 10 and Ark. Const, Art. 2, § 17), because it did not provide a sufficient means of replacing the revenues that had secured certain municipal bonds.
I find that your measure could be deemed to suffer from the same infirmities that plagued the measure in Kurrus v. Priest. More specifically, your measure provides broadly that taxes on food and medicine (as defined therein) are abolished and prohibited. Because the measure does not identify specifically the particular governmental entities that will lose revenue as a result of this abolition and prohibition, nor does it mention whether the revenues previously generated by taxes on food and medicine will be replaced, I am unable to discern your intent with regard to these issues so as to summarize the intended effect of the measure in the ballot title. In Kurrus, the court held that this type of omission was problematic in that the voters were not alerted to the fact that they could lose governmental services that were paid for by the lost revenue. In addition to these problems, if any of the affected governmental entities had depended upon these revenues to secure bonds, the measure may violate the constitutional prohibition of the impairment of contracts, as noted above.
Because of the foregoing concerns about your proposed measure, I must reject your popular name and ballot title.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v. Priest, Case No. 00-485 (July 7, 2000). The Court concluded: "[i]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh