## NEWTON COUNTY *v.* GREEN.

### Opinion delivered July 1, 1912.

STATUTE—BURGLARY OF COUNTY FUNDS—RELEASE OF COLLECTOR.—Where county funds in the hands of the collector of taxes are stolen by burglars under circumstances which make it inequitable or unjust for the collector to stand the loss, it is within the authority of the lawmakers to place the burden of the loss upon the county by releasing the collector.

Appeal from Newton Circuit Court; *George W. Reed,* Judge; affirmed.

*E. G. Mitchell,* for appellant.

1.  The act is unconstitutional.  Art. 4, § § 1 and 2, Const.; art. 7, § 28, *Id.*; 24 Ark. 161, 174; 58 Ark. 117, 121; 56 Ark. 148, 156; 138 Ind. 321; 24 Ark. 142.

2.  Being such an act as may be shown to be unconstitutional by proof that it is arbitrary, unreasonable and unnecessary, and based upon alleged facts which were not true, it was error to refuse to permit appellant to introduce proof in support of its special plea.  Kirby's Dig., § § 1458, 7057; art. 5, § 24, Const.; 85 Ark. 12; 97 Ark. 473; 56 Ark. 148.

3.  The only construction of the act by which its constitutionality might be upheld is that it merely empowered the county court to hear proof as to the manner and amount of loss and give credit therefor or issue warrants in lieu of those lost.  It was therefore error not to require appellee to produce evidence in support of the credit claimed by him.  36 Cyc. 1132 (e), and citations.

*G. J. Crump* and *Guy L. Trimble,* for appellee.

1.  This case having been tried upon an agreed statement of facts, this court ought not to entertain a question of the constitutionality of the act.  143 U. S. 339; 86 Ark. 75; 85 Ark. 24.

2.  The act is highly remedial in its nature, and is constitutional.  27 Ark. 205, and cases cited; 76 Ark. 197; 60 Ark. 343; 92 Ark. 98; *Sanderson* v. *Texarkana,* 103 Ark. 529; 56 Ark. 148, 155, and cases cited; 90 Ind. 29; 46 Am. Rep. 192, 193, 194; 36 O. St. 277, 38 Am. Rep. 582, 95 U. S. 644.

3.  The act being constitutional and the evidence offered in support of the "special plea" not having been brought into the record, the judgment should be affirmed.  70 Ark. 368; 64 Ark. 483; 75 Ark. 111; 34 Ark. 720; 90 Ind. 29; 72 Ark. 20; 93 Ark. 618; 56 Ark. 155; 48 Ark. 384.

McCULLOCH, C. J.  The following recital of the facts is taken from appellant's abstract and found to be correct:

"During the year 1910 W. A. Green was the collector of Newton County, and collected the taxes assessed for the year 1910, and made a settlement for same with the county court in July of that year.  After his settlement he presented to the county court of said county a claim or account for

$1,600, which he claimed had been stolen from his office and consisted of funds belonging to the county revenue and for which he had made settlement and had paid into the county treasury. This account was disallowed by the county court, and Green prayed and was granted an appeal to the circuit court, but same was never perfected.

"At the 1911 session of the General Assembly, Act 272 was passed, reciting the alleged burglary, the loss of $1,600 in county warrants and relieving Green and his sureties from any and all liabilities for or payment of any and all of said funds so burglarized, and directing the county court in future settlements either to give Green credit for the amount of loss sustained, or cause to be issued county warrants to him to the amount of cost sustained. This act was approved May 10, 1911.

"At the July term, 1911, Green presented his settlement in which he claimed and asked for a credit of $1,600 upon the amount of revenue charged to and collected by him arising from the taxes of 1910. This the court refused to do, rendered judgment against Green, and he appealed to the circuit court."

Upon a trial of the case in the circuit court, appellee was allowed the credit of $1,600 as claimed, and judgment was rendered in his favor accordingly, from which judgment the county has prosecuted an appeal to this court.

It was urged in the circuit court, and it is now insisted here, that the special act of the Legislature was unconstitutional in attempting to divert county funds. We are of the opinion, however, that all question as to the constitutionality of the act is settled adversely to appellant's contention by the decision of this court in *Pearson* v. *State*, 56 Ark. 148. That case involved the constitutionality of an act of the Legislature releasing the treasurer of Logan County from liability to pay funds of the county, and school districts therein, on the ground that the money had been taken from his possession by burglars without fault on his part. The court held that the act was not unconstitutional, and the question was discussed at such length that little is left to be said on the subject. The only difference between the facts of the two cases is that in the Pearson case the act of the Legislature only relieved the treasurer from the liability, whereas the act now

under consideration attempted to relieve the officer from liability by directing the county court to allow him a credit for the amount in future settlements or to refund the same to him. We are unable to discover any controlling distinction between the two cases, for, if the Legislature had the power to relieve an officer from liability for the payment of funds, it could, where the funds have already been paid over, direct the allowance of a credit in future settlements or reimbursement in some other method. The theory upon which the legislative power rests is that, where the public funds in the hands of an officer are lost under circumstances which make it inequitable or unjust for him to stand the loss, it is within the authority of the lawmakers to place the burden of the loss upon the public, where it is better distributed and may be more easily borne. That idea is expressed in the Pearson case as follows:

"The money was taken from the place provided by the county for keeping it without any fault on his part, and the Legislature finds that it is contrary to broad equitable principles—the ordinary principles of just and fair dealing—to compel him to stand the loss."

Not all of the constitutional grounds now urged upon us were mentioned in the opinion in the Pearson case, but, inasmuch as that was a well considered case, and the opinion fully discusses the question of the constitutionality of the act, we must treat it as settling the validity of that class of legislation. Doubtless, the learned judge who delivered the opinion in that case felt that he mentioned all the grounds for assault which were deemed of sufficient importance to discuss.

It is next contended that the court erred in not requiring proof of the fact that the money was wrongfully taken by burglary or robbery. The special statute in question constitutes a finding that the money was lost, and positively directs that credit be given. We do not think that it leaves the question open for determination of the court as to whether the money was lost in that way. It is true that in the preamble of the act the amount is mentioned with some uncertainty, and it might be argued that it was left to the court to determine the amount which was actually lost on the occasion named. No question was made below, however, as to the amount. The only offer with respect to the introduction of

testimony related to the question as to whether or not the amount claimed to have been lost on the occasion named was wrongfully and burglariously taken by another. We think there was no error committed by the court in treating the special statute as binding upon the court upon that question, and the court was correct in rendering judgment pursuant to the terms thereof, allowing the credit for the amount lost. The judgment of the circuit court is therefore affirmed.