SUMMERS *v.* ROAD IMPROVEMENT DISTRICT No. 16.

Opinion delivered October 15, 1923.

1. STATUTES—CONSTRUCTION AS A WHOLE.—In construing a statute regard must be had to all of its provisions, so that they may be harmonized with each other and effect be given to each if that can be done consistently with the language used, and effect should be given to the obvious intention of the lawmakers although such construction may seem contrary to the letter of the statute.

2. HIGHWAYS—CONDITIONAL REPEAL OF ACT.—Though § 1 of Acts 1923, No. 375, purports to repeal act No. 182 of the special session of February, 1920, creating Road Improvement District No. 16 of Woodruff County, yet, in construing § 3 of same act, it is apparent that the Legislature intended to repeal the prior act unless a vote of the electors and landowners favored a continuation of the district created by it.

3. CONSTITUTIONAL LAW—DELEGATION OF LEGISLATIVE AUTHORITY.— While the Legislature cannot delegate authority to enact a law, it may enact a law and leave its operation to depend upon a contingency or condition, such as a favorable vote of electors or landowners.

Appeal from Woodruff Chancery Court, Northern District; *A. L. Hutchins,* Chancellor; affirmed.

*J. F. Summers,* for appellant.

Sections 1 and 2 of the Act 357 repealed the road improvement district. The court erred in sustaining the demurrer.

*Roy D. Campbell, Harry Woods* and *Coleman, Robinson & House,* for appellee.

The entire statute should be considered, and so construed as to give effect to all of its provisions, if possible. 3 Ark. 285; 48 Ark. 305, 308; 59 Ark. 237, 253; 27 S. W. 2; 76 Ark. 303, 308; 89 S. W. 42; 84 Ark. 409; 106 S. W. 199; 106 Ark. 371; 154 S. W. 181; 91 Ark. 5; 120 S. W. 154; 28 Ark. 200; 35 Ark. 56. The authority of the Legislature to pass an act to become effective upon certain conditions is recognized by this court. 223 S. W. (Ark.) 367; 72 Ark. 195; 79 S. W. 795; 120 Ark. 277; 179 S. W. 486; 248 S. W. 2.

McCulloch, C. J. Appellee road improvement district was created by special act No. 183 of the extraordinary session of the General Assembly of February, 1920, and at the regular session of the General Assembly of 1923 a statute relating to the district was enacted, Acts 1923, p. 815. No. 375, the first two sections reading as follows:

"Section 1. That act No. 183 of the special session of the General Assembly of Arkansas, in February, 1920, approved February 18, 1920, and which creates Road Improvement District No. 16 of Woodruff County, Arkansas, and which is entitled, 'An act to embrace Road Improvement District No. 2 of the Northern District of Woodruff County, Arkansas, and to create Road Improvement District No. 16 of Woodruff County, and for other purposes,' be and the same is hereby repealed.

"Section 2. Jurisdiction is hereby conferred on the Woodruff Chancery Court for the Northern District of Woodruff County, Arkansas, to wind up the affairs of said district, and to that end all persons having claims

against the district are required to present same to said court within three months after the passage of this act. Said court shall adjudicate said claims, and shall appoint a receiver to collect, upon the assessment of benefits heretofore made, a sum sufficient to pay all claims found to be justly due."

The third section of the statute provides for an election to be held by the electors and owners of property in the district, to "cast their votes either for or against the district." This section specifies a certain date for the election, the method of conducting the election, and for canvassing and certifying the returns, etc., and it concludes with the following provision:

"If the majority of the voters vote for Road District 16, then this act shall become null and void; if a majority vote against Road District 16, then this act to be in full force and effect, and all laws and parts of laws in conflict herewith be and the same are hereby repealed. The county clerk shall certify the returns of the election to the Secretary of State, which certificate shall be considered final. If any person without the qualifications above set out vote or attempt to vote in the election hereinbefore provided, he shall be guilty of violation of law, and subject to the penalties provided under the provisions for a similar offense under the general election laws of the State of Arkansas."

The fourth and last section contains the emergency clause and declares the statute to be in immediate effect.

Appellant is the owner of real property in the district, and he sued in chancery to restrain further proceedings under the original statute, claiming that the statute has been unconditionally repealed by the last statute. He alleges in his complaint that the election was held in accordance with the provisions of the last statute, which resulted in a majority in favor of the district, but he asserts that the provision for the election is void as an attempt of the Legislature to delegate legis-

lative authority, and that the repealing clause of the statute is effective.

Counsel for appellee rely on the familiar principle, often announced by this court, that, in construing a statute, regard must be had to all of its provisions, so that they may be harmonized with each other and effect given to each, if that can be done consistently with the language used, and to give effect to the obvious intention of the lawmakers, although such construction may seem contrary to the letter of the statute. *State* v. *Smith,* 40 Ark. 431; *Doles* v. *Hilton,* 48 Ark. 305; *Railway Co.* v. *B'Shears,* 59 Ark. 237; *Hartford Fire Ins. Co.* v. *State,* 76 Ark. 303; *Chicago, R. I. & P. Ry. Co.* v. *State,* 84 Ark. 409; *State* v. *Jones,* 91 Ark. 5; *State* v. *Trulock,* 109 Ark. 556. They contend that, applying this rule of construction, the lawmakers did not intend an absolute repeal of the former statute, but intended merely a suspension of further operations under that statute, unless the vote at the election favored continuation of such operation, and that this did not constitute a delegation of legislative authority.

We conclude that this construction is sound. The language used in § 1 of the statute, when considered by itself, indicates an intention to repeal the former statute, but the language of § 3 indicates a contrary intention, and, when the two sections are considered together, the intention of the framers of the statute is manifest. Quoting the language of one of our opinions, "in order to conform to the legislative intent, errors in an act may be corrected, or words rejected and other substituted." *Garland Power & Dev. Co.* v. *State Board,* 94 Ark. 422.

The lawmakers meant to stop further operations under the former statute and to wind up the affairs of the district, as provided in § 2 of the new statute, unless the vote at the election was in favor of continuation. This was not a delegation of legislative authority. The Legislature cannot delegate authority to enact a law, except in accordance with the provisions of Amendment

No. 6 of the Constitution (the initiative and referendum amendment), but it can enact a law and provide for operation under it to depend upon a contingency or condition, such as a favorable vote of the electors or landowners. There are many of our recent cases on this subject, and the present one falls within that rule.

Decree affirmed.