STATE *v.* DAVIS.

Opinion delivered October 29, 1928.

*H. W. Applegate,* Attorney General, and *J. S. Abercrombie,* special counsel, for appellant.

*J. P. Clayton* and *Evans & Evans,* for appellee.

HART, C. J., (after stating the facts). The Legislature of 1923 passed an act, at a special session, for the collection of certain license fees from automobile owners by the sheriff of each county in the State, and, under § 42 of the act, it made it the duty of the sheriff to pay into the State Treasury, to the credit of the State Highway Commission, all moneys received by him under the provisions of the act. Acts of Arkansas, 1923, Special Session, act 5, p. 11. Under § 44 of the act, the official bondsmen of such sheriff are liable for the faithful performance of his duties under the act. Section 5166s and § 5166t, Castle's Supplement to Crawford & Moses' Digest, pp. 316 and 317.

The record shows that the sheriff deposited the automobile license taxes collected by him for the month of January, 1926, in the People's Bank of Ozark, without any express authority to do so, and that the funds so deposited were lost on account of the insolvency of the bank. The sheriff had no knowledge of its insolvency at the time the deposit of the automobile license taxes was made in the bank by him. The sheriff and his bondsmen were relieved from the payment of this money by act 42, passed by the Legislature of 1927. Acts of 1927, page 121. The constitutionality of this act is challenged by the State, and it is also claimed that the transaction under consideration did not fall within the terms of the act. Section one of the act reads as follows:

"The Governor shall have power to relieve any public officer in this State, and the bondsmen of such public officer, from the payment of any public funds which said officer may have on deposit in any bank in this State that has been officially designated as a State or county depository, that is now or may hereafter become insolvent. The action of the Governor in relieving any public officer or bondsmen from personal loss in this respect shall in no way relieve the bank from accounting for said funds."

There is a conflict in the authorities as to whether a public officer who loses money by failure of a bank in which are public funds intrusted to his care may be

relieved of liability therefor by the Legislature. Cooley on Taxation, 4th ed., § 196. In this State it has been held that, where a public officer has lost public funds without any fault on his part, he may be reimbursed or relieved from liability therefor. *Pearson* v. *State,* 56 Ark. 138, 19 S. W. 499, 35 Am. St. Rep. 91; *Newton County* v. *Green,* 104 Ark. 270, 149 S. W. 73, Ann. Cas. 1914C, 491; and *Bauer* v. *North Arkansas Highway Improvement District No. 1,* 168 Ark. 224, 270 S. W. 533, 38 A. L. A., 1507. It has become the well-settled rule in this State that the Legislature has the power to pass an act relieving a public officer from liability, where public money has been lost without any fault on his part.

In *Miller* v. *Henry,* 62 Ore. 4, 124 Pac. 197, 41 L. R. A. (N. S.) p. 97, the Supreme Court of the State of Oregon said that the weight of authority as well as the better reason is to the effect that the Legislature possesses the power to cancel liability of officers for money lost by them, when such loss was not occasioned by their unfaithfulness or willful misconduct.

It is next suggested that the act in question is open to objection because it is a delegation of legislative power. While it is a doctrine of universal application that the functions of the Legislature must be exercised by it alone, and cannot be delegated, it is equally well settled that the Legislature may delegate to executive officers the power to determine certain facts, or the happening of a certain contingency, on which the operation of the statute is by its terms made to depend. 12 C. J. 846, and 6 R. C. L., paragraph 165, p. 164. This principle has been frequently recognized by this court. *Harrington* v. *White,* 131 Ark. 291, 199 S. W. 92; *Howard* v. *State,* 154 Ark. 430, 242 S. W. 818; and *Summers* v. *Road Improvement District No. 16,* 160 Ark. 371, 254 S. W. 696.

If the law is mandatory in all it requires and all it determines, it is a legislative act, although it is put into operation by officers or administrative boards selected by the Legislature.

In *Locke's Appeal,* 72 Penn. St. 491, 13 Am. Rep. 716, Mr. Justice Agnew, speaking for the court, said: "Then, the true distinction, I conceive, is this: The Legislature cannot delegate its power to make a law, but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend. To deny this would be to stop the wheels of government. There are many things upon which wise and useful legislation must depend which cannot be known to the law-making power, and must therefore be a subject of inquiry and determination outside of the halls of legislation."

In the case at bar the Legislature passed a law for the relief of public officers named therein, and provided that the Governor might examine and look into the facts as a part of the enforcement of the law, and the granting of the authority to him was not a delegation of legislative power. The power was given to him as an incident to his duties as Governor; but the Legislature might have given to any other board or officer of the executive department of the State the power to ascertain the facts in the case as a basis for putting the law into operation. Hence we are of the opinion that the act is not open to the objection that it is a delegation of legislative power to another department of the government and on that account in violation of our Constitution.

Again, it is insisted that the Legislature only intended for the act to operate where a public officer had deposited State funds under the statute in a State depository with a bond for the protection of said funds, or had deposited county funds in a county depository under like circumstances. When the object and purposes of the act are considered, we think this is too restricted a construction to give to the language used by the framers of the act. The act provides that the Governor shall have power to relieve a public officer from the payment of public funds which the officer may have on deposit in any bank in this State which has been officially desig-

nated as a State or county depository. The Legislature evidently had in mind to give the Governor the power to relieve any public officer from liability when he had deposited the funds in a bank which had been officially designated as a State or county depository, regardless of the fact whether such officer had been expressly given the power to deposit such funds in the bank. In other words, the Legislature meant to say that a bank which had been designated officially as a State or county depository was such a bank as an officer was entitled to place confidence in, and the officer could not in any sense be said to be negligent in depositing the public moneys in it.

Under our former decisions on the subject, where money has been lost without the fault or carelessness of the public officer on account of having been deposited in a bank which became insolvent, the Legislature has power to relieve such officer from liability. The Legislature, in the act in question, evidently intended to give the Governor the power to find out whether there had been negligence on the part of the public officer where he had deposited the money in a bank which had been officially designated as a State or county depository. The fact that the bank had been officially designated as a State or county depository for other funds would give it the stamp of official approval, and by depositing the money there the public officer might relieve himself from any negligence in the selection of the bank; therefore we are of the opinion that the proclamation of the Governor, under the terms of the act in carrying out the provisions of the Legislature, had the effect of relieving the sheriff and his bondsmen from liability for the payment of the funds in question. The judgment is therefore affirmed.

SMITH, J., dissents.