TERRELL *v.* LOOMIS.

4-9374                                    235 S. W. 2d 961

Opinion delivered January 29, 1951.

*Tom Kidd,* for appellant.

*Guy B. Reeves,* for appellee.

MINOR W. MILLWEE, Justice. On June 3, 1949, appellee, Leslie D. Loomis, purchased an automobile from Aubrey Blevins Sales Co. of Delight, Arkansas. The parties executed a conditional sales contract under which title to the automobile was to be retained in the seller until a $622.68 balance on the purchase price was paid in twelve monthly installments of $51.89 each. The contract and note for the monthly payments were immediately assigned to and purchased by appellee, General Contract Purchase Corporation, hereinafter called credit corporation.

Appellant, Alton Terrell, operates an automobile supply business at Murfreesboro, Arkansas. He sold to Loomis and installed on the car in controversy certain parts between the dates of July 13 and July 19, 1949. After driving the car about four months, Loomis defaulted in his payments to the credit corporation and left the car with appellant to whom Loomis was still indebted for a balance of $101.24 remaining due on the July parts account. The credit corporation brought this action against Loomis and appellant to recover possession of the automobile.

Appellant filed an answer and cross-complaint seeking judgment against Loomis for the balance due on the

parts bill. He also alleged that he had a first and paramount lien upon the automobile by virtue of a properly verified account of the amount due by Loomis, which appellant filed in the office of the Circuit Clerk of Pike County on November 15, 1949. Trial before the court, sitting as a jury, resulted in judgment for appellees. The court found that the credit corporation was entitled to possession of the automobile. Appellant's claim of a lien upon the car for parts furnished Loomis was denied and his cross-complaint dismissed.

Appellant's claim of a superior lien is based upon Ark. Stats., §§ 51-404 to 51-412. Section 51-404 provides that automobile firms and repairmen shall have an absolute lien upon automobiles for labor performed and materials furnished in the repair of a vehicle. Under § 51-409, if a repairman voluntarily parts with possession of the vehicle, he may still preserve his lien by filing with the circuit clerk of the county in which the debtor resides, a verified statement of the lien account "within ninety (90) days after such work or labor is done or performed, or materials furnished. . . ." By § 51-412 it is expressly provided that such repairmen's liens shall be subject to the lien of a vendor of automobiles for the balance of the unpaid purchase price under a contract retaining title until the purchase money is paid.

Appellant filed his lien with the circuit clerk on November 15, 1949, which was more than 90 days after the last item of materials was furnished, but within 90 days of the last payment on the account. The provision of § 51-409, *supra,* with reference to time of filing the lien, is identical with that contained in the Mechanics and Materialmen's Lien Statute (Ark. Stats. § 51-613). In construing that section this court has repeatedly held that the 90 days begins to run from the date of the last debit item on the account. *Geisreiter* v. *Standard Lumber Co.,* 187 Ark. 893, 63 S. W. 2d 347. Hence, appellant filed his lien too late and the trial court correctly so held. Even if appellant had filed his lien in time, same would be subject to the vendor's lien of the credit corporation under the conditional sales contract in view of the

express provisions of § 51-412, *supra*. *Corning Motor Co. v. White*, 173 Ark. 144, 293 S. W. 46; *Powell* v. *Pacific Finance Corporation*, 216 Ark. 884, 227 S. W. 2d 965.

But appellant contends that the trial court erroneously held that the credit corporation had a valid lien on the automobile in controversy because a copy of the conditional sales contract was not filed with the circuit clerk of Pike County as required by Act 142 of 1949 (Cum. Pocket Suppl. Ark. Stats., §§ 75-101—75-191). This is the "Uniform Motor-Vehicle Administration, Certificate of Title and Anti-Theft Act" which contained the emergency clause and was approved by the Governor on February 23, 1949. Article V, § 60(a) of the act provides that no conditional sales contract upon a registered vehicle is valid as against the creditors of the owner acquiring a lien until the requirements of the article have been complied with. Section 60(c) of Article V provides: "The holders of title retaining notes or contracts of purchase of any motor vehicle to be registered under this Act is hereby required to file copies of such notes or contracts with the Circuit Clerk and Recorder in the county where the payer resides. . . ."

Section 93 of Act 142 reads as follows: "The Commissioner may allow such time after the passage and approval of this Act, within which all motor vehicles covered by the provisions of this Act shall be registered as provided herein. After the expiration of such time it shall be (a) misdemeanor for any person, firm or corporation to operate a vehicle upon the highways of this state without first complying with the provisions of this Act." Pursuant to this section, the Commissioner of Revenues, on December 16, 1949, entered an order fixing January 1, 1950, as the effective date for registration of titles for motor vehicles as provided in the act.

Appellant argues that § 93 is unconstitutional as an unlawful delegation of legislative authority to the Commissioner of Revenues. The applicable rule is stated in *State* v. *Davis*, 178 Ark. 153, 10 S. W. 2d 513, as follows: "While it is a doctrine of universal application that the

functions of the Legislature must be exercised by it alone, and cannot be delegated, it is equally well settled that the Legislature may delegate to executive officers the power to determine certain facts, or the happening of a certain contingency, on which the operation of the statute is by its terms made to depend. 12 C. J. 846, and 6 R. C. L., paragraph 165, p. 164. This principle has been frequently recognized by this court. *Harrington* v. *White,* 131 Ark. 291, 199 S. W. 92; *Howard* v. *State,* 154 Ark. 430, 242 S. W. 818; and *Summers* v. *Road Improvement District No. 16,* 160 Ark. 371, 254 S. W. 696." See, also, *Wiseman* v. *Phillips,* 191 Ark. 63, 84 S. W. 2d 91; 11 Am. Jur., Constitutional Law, § 216; 16 C. J. S., Constitutional Law, § 138(a); Cooley's Constitutional Limitations (8th Ed.) p. 227.

In *Harrington* v. *White, supra,* and in the earlier cases of *Boyd* v. *Bryant,* 35 Ark. 69, and *Nall* v. *Kelley,* 120 Ark. 277, 179 S. W. 486, we approved the rule announced in *Cincinnati, etc., Rd. Co.* v. *Commissioners,* 1 Ohio State 77, as follows: "The true distinction is between the delegation of power to make the law, which necessarily involves the discretion as to what it shall be, and conferring authority or discretion as to its execution to be exercised under and in pursuance of the law. The first can not be done. To the latter no valid objection can be made." In *Albert* v. *Milk Control Board,* 210 Ind. 283, 200 N. E. 688, the Indiana Court held valid an act requiring each milk dealer to obtain a license within 30 days after the act took effect or within an extended period prescribed by the milk control board. See, also, *Howes Bros. Co.* v. *Massachusetts Unemployment Compensation Comm.,* 296 Mass. 275, 5 N. E. 2d 720; *Royer* v. *Public Utility Dist. No. 1 of Benton County,* 186 Wash. 142, 56 Pac. 2d 1302.

We are of the opinion that in § 93, *supra,* the Legislature did not delegate the power to make a law, but that it made a law and delegated the power to the commissioner to ascertain certain facts as a basis for putting the title and lien registration features of the law into operation. The Uniform Act was adopted after the

regular period for licensing and registering motor vehicles for the year 1949 had expired. The Act contains radical changes in connection with registration and transfer of title, filing of liens and administration of the motor vehicle laws generally. Adoption of the Act necessitated the setting up of new methods, forms and machinery for its proper execution. The Legislature itself allowed time within which to do this and delegated the power to the commissioner to ascertain the facts which call the title and lien registration features of the statute into operation. The Act is mandatory in all that it requires and the commissioner was bound to reasonably exercise the discretion granted under § 93. It follows that the credit corporation was not required to file copies of its contract and note with the circuit clerk of Pike County either at the time the conditional sales contract was executed or at the time appellant furnished the parts and sought to establish a lien upon the automobile in controversy. The trial court was, therefore, correct in holding that the credit corporation had a valid lien on the car.

The trial court erred in denying appellant judgment against Loomis on the cross-complaint for the balance due on the parts account. It is undisputed that Loomis owed appellant a balance of $101.24 on the account. That part of the judgment dismissing the cross-complaint against Loomis is accordingly reversed and the cause remanded with directions to enter judgment for appellant against Loomis in the sum of $101.24 with interest from August 1, 1949. In all other respects the judgment is affirmed.