The Honorable Jodie Mahony State Representative 406 Armstrong Building El Dorado, AR 71730
Dear Representative Mahony:
You have requested an opinion under the authority granted in Initiated Act 1 of 1988 which is cited as The Disclosure Act for Lobbyists and State Officials. You ask a series of questions involving a variety of issues and sections of the Act; therefore, I will paraphrase your questions, and then answer them in the order presented.
1. Section 21-8-701(h) requires a public official to report certain "nongovernmental" sources of payment. Would national or regional associations composed in whole or part of legislators from a number of states be considered "nongovernmental" for the purpose of Section 21-8-701(h)? Is there a distinction between those that receive state funding and those that do not.
Initiated Act 1 of 1988 provides no definition of what is "nongovernmental" for purposes of the Act. However, the Act does give some guidance as to what is "governmental".
Section 21-8-402(e) defines a governmental body as "any office, department, commission, council, board, committee, legislative body, agency, or other establishment of the executive, judicial, or legislative branch of the state government". Section21-8-402(n) defines state government as "any office, department, commission, council, board, bureau, committee, legislative body, agency or other establishment of the State of Arkansas."
These definitions make clear the intent of the drafters that the reference is to governmental entities which are creatures of the State. Conversely, then, a "nongovernmental" entity which provides a source of payment is arguably anything other than a government body of the State of Arkansas.
In specific response to your questions, it is my opinion that organizations such as the Council of State Governments, the Southern Regional Education Board and any other similar group which is not created as a part of the State government is "nongovernmental" for the purpose of Section 21-8-701(h). It is not dispositive that such groups often receive state funding, since they, nevertheless, are not created as "establishment[s] of the State of Arkansas."
2. Section 21-8-701(j) requires a public official to provide a statement of any goods or services he sold to his governmental body. Is the governmental body of a state representative the House of Representatives or is his governmental body considered to be the entire General Assembly?
The Act does not specifically refer to the House of Representatives as a "governmental body" for purposes of the Act. However, the definition of a governmental body, as previously cited does refer to a "legislative body". See 21-8-402(e). The Constitution of Arkansas, in Article 5, 1 and Amendment 7, speaks of the legislative power of the State being vested in a General Assembly. Therefore, it is reasonable to argue that the General Assembly as a while constitutes a "legislative body", since neither the House nor Senate may function in a legislative capacity independent of the other.
It is my opinion, then, that the governmental body referred to in Section 21-8-701(j) includes the General Assembly as a whole.
3. Section 21-8-701(i) requires a public official who is employed by a business, which is under direct regulation or subject to direct control by the governmental body which he services, to set out such employment and the fact that the business is regulated or subject to control of the governmental body on his statement of financial interest. Does the House of Representatives, Senate or General Assembly directly regulate or directly control any business?
It is a well established principle of our representative form of government that the sole lawmaking authority rests with the legislature. In Arkansas, the General Assembly has seen fit to delegate regulatory authority to the various boards and commissions of the executive branch for the purpose of implementing laws. This is a constitutionally permissible delegation of authority under Curry v. State,, 279 Ark. 153,649 S.W.2d 833 (1983), McArthur v. Smallwood, 225 Ark. 328,281 S.W.2d 428 (1955), Terrell v. Loomis, 218 Ark. 296,235 S.W.2d 961 (1951).
In relation to your question, the General Assembly has set certain guidelines, in the form of laws, under which public and private corporations and business may operate. Yet, the General Assembly has placed factfinding and regulatory authority in the hands of executive branch entities. In light of this oversight scheme, it is my opinion that the General Assembly has no direct regulatory authority or control over a business within the meaning of21-8-701(i).
4. Section 21-8-604(b)(1) requires a lobbyist to itemize certain items given to a public official. Does this section apply only when the person is engaged in lobbying, or does it include items given when the person is acting in some capacity other than as a lobbyist? Are the total expenditures recorded under Section21-8-604(a) limited to expenditures made while acting as a lobbyist?
Each provision of Section 21-8-604 makes reference to expenditures incurred in the course of activities as a lobbyist. While the facts of a particular case may result in a contrary conclusion, generally I believe if a lobbyist expends money on a public official in some capacity other than as a lobbyist, the expenditure is not reportable.
Likewise, I believe Section 21-8-604(a) contemplates the reporting of only lobby-related expenses.
In support of both of these conclusions, I point to the plain language of the Act. Section 21-8-604(a) states:
 Registered lobbyists are not required to report unreimbursed personal living and travel expenses not incurred directly for lobbying.
Clearly, then, the drafters of the Act did not intend that every expenditure of a person employed as a lobbyist be reportable, particularly those of a personal nature.
It should be noted, however, that a public official would be required to report certain items with a value in excess of $100 as a gift, including gifts offered by a lobbyist acting in some capacity other than as a lobbyist.
5. Section 21-8-604(b)(1)(B) requires a lobbyist to make an itemized listing of each payment for food, lodging, or travel in excess of $25 on behalf of a public official. Does the $25 limit apply to each instance that a "payment" is made, or is it a cumulative limit for an occasion, a day, or some other item? If a lobbyist pays for the meals of two public officials and the total is $25.01, would the lobbyist have to itemize the payment even though he did not expend in excess of $25 per public official.
The Act does not set out any specific method for calculating the amount of any "payment" reportable under the Act, nor does the Act specify at what point during an event a "payment" must be made. Nevertheless, I do not believe that the proper criteria for determining if an expenditure is reportable is a per "payment" basis. Such an interpretation would allow lobbyists to avoid reporting expenditures by making a payment every time the threshold limit was approaches. While there may be times when it is appropriate to determine the amount of an expenditure based upon a cumulative figure that spans more than a single meal or event, the facts of each particular case must be examined to determine if a "payment" was properly calculated and reported.
In response to the second part of your question, I do not believe a lobbyist is required to itemize a $25.01 expenditure for the meals of two (2) public officials. This is based on the plain language of the Act which sets the itemized reporting threshold at more than $25 per payment made on behalf of a public official, meaning an individual public official.
6. Section 21-8-604(d) requires a lobbyist to make a statement detailing any direct business association or partnership with any public official before whom the lobbyist may engage in lobbying. Does this require a statement covering every public official with whom the lobbyist has a direct business association or partnership, or does it only include public officials for whom the lobbyist reasonably believes he may engage in lobbying? Does this provision include a direct business association with a corporation in which a public official has an interest and a direct business association with a corporation in which a public official is employed?
Section 21-8-604 states:
 The lobbyist activity report shall be signed and sworn to by the registered lobbyist. The reports shall contain:
 (d) A statement detailing the direct business association or partnership with any public official before whom the lobbyist may engage in lobbying.
This section clearly states that a lobbyist shall report any direct business association or partnership only under circumstances where a lobbyist may lobby his or her public official/business associate. If there exists no possibility of a lobbyist lobbying a public official/business associate, then no disclosure need be made.
The answer to the second part of your question would turn upon the facts of each individual case, since the character of the business relationship between a lobbyist and public official would depend upon each party's role in the corporation. The same would be true if a public official is an employee of a corporation in which a lobbyist is part of a direct business association.
7. Section 21-8-802(c)(1) allows an appearance before an agency to be made public record by filing a written statement within twenty-four (24) hours with the agency head of the entity of state government before which an appearance is sought. Is the twenty-four hour (24) period before or after the appearance?
Your question concerns circumstances in which a legislator wishes to represent a client for compensation before an entity of state government.
In answer to your question, the above referenced section anticipates that the written statement provided for by the Act will be filed within twenty-four (24) hours prior to the appearance. This interpretation is supported by the section which states that "[i]n the event that a written statement cannot be provided to the agency head prior to the meeting, telephonic notice must be given the agency head or his office."
Therefore, a legislator seeking to comply with Section 21-8-802(c) must file written comments prior to any appearance, or in the alternative, give notice by telephone that the comments cannot be provided in advance.