The Honorable Kim Hendren State Senator 1501 Highway 72 Southeast Gravette, AR 72736
Dear Senator Hendren:
I am writing in response to your request for my opinion regarding Section 3 of Act 38 of the First Extraordinary Session of 2003, which added a new section to Title 26, Chapter 51, of the Arkansas Code (A.C.A. §26-51-207) to levy an income tax surcharge. You have asked:
 Is Section 3 of Act 38 of the First Extraordinary Session of 2003 in violation of Article 4, Section 2,[1] or any other provision of the Arkansas Constitution?
RESPONSE
It is my opinion that the answer to this question is "no." The new Code section, A.C.A. § 26-51-207, is constitutional, in my opinion.
Subsection (a) of A.C.A. § 26-51-207 levies "an income tax surcharge of three percent (3%) of the tax liability of every person required to file an Arkansas income tax return." See Acts 2003 (1st Ex. Sess.), No. 38, § 3. As you note, subsection (f) of this new Code section addresses the continued application of the surcharge to tax years beginning January 1, 2005 and thereafter. Subsection (f) states in part:
 (1) This section shall also continue to apply to tax years beginning on and after January 1, 2005, except as provided in this subsection (f).
 (2) When the budget estimates required by § 19-4-202(b) for fiscal year ending June 30, 2006, reflect projected growth in general revenues available for distribution equal to or in excess of one hundred twenty-one million dollars ($121,000,000), then the tax rate levied in § 26-51-207 shall be reduced or expire in accordance with this subsection (f).
The remainder of the subsection requires that the surcharge shall either expire for tax years beginning January 1, 2005, or be reduced to 1% or 2%, depending upon the revenue projections.[2]
In considering the constitutionality of this legislation, it is first necessary to recognize the familiar principle that "Arkansas statutes are presumed constitutional, and the party attacking a statute has the burden of showing that the challenged statute clearly violates the Arkansas Constitution. . . ." Hall v. Tucker, 336 Ark. 112, 118, 983 S.W.2d 432
(1999) (citations omitted). In this regard, you have asked whether A.C.A. § 26-51-207 violates either the separation-of-powers doctrine, (see n. 1, supra) or any other constitutional provision. Under the separation-of-powers doctrine, the executive, legislative and judicial branches are charged with performing distinct functions. Although you have not suggested a basis for a "separation of powers" argument, it might be contended that this constitutional doctrine is implicated under subsection (f) (2) of the statute, which makes the reduction or expiration of the surcharge dependent upon budget estimates prepared by the State's Chief Fiscal Officer.[3] One might argue that this constitutes an unlawful delegation of the State's "ancient right of . . . taxation" (Ark. Const. art. 2, § 23), which is vested in the legislature. Article 2, section 23 states in pertinent part:
 The State's ancient right of . . . taxation is herein fully and expressly conceded; and the General Assembly may delegate the taxation power, with the necessary restriction, to the State's subordinate political and municipal corporations to the extent of providing for their existence, maintenance and well being, but no further.
Ark. Const. art. 2, § 23.
It is of course well settled that functions exclusively legislative must be exercised by the legislature and cannot be delegated to another branch of government. Terrell v. Loomis, 218 Ark. 296, 235 S.W.2d 961 (1951). Thus, the legislature cannot delegate its power to tax or fix the tax rate, except as provided in Ark. Const. art. 2, § 23. Cf. City ofHarrison v. Snyder, 217 Ark. 528, 231 S.W.2d 95 (1950).
It is also clearly established, however, that "although the General Assembly cannot delegate its power to make a law, it can make a law and prescribe the condition upon which it may become operative." Leathers v.Gulf Rice Arkansas, Inc., 338 Ark. 425, 431, 994 S.W.2d 481 (1999). The court in Terrell v. Loomis, supra, identified this principle as follows, referring to an earlier case that is often cited to invoke the principle:
 Appellant argues that 93 is unconstitutional as an unlawful delegation of legislative authority to the Commissioner of Revenues.[4] The applicable rule is stated in State v. Davis, 178 Ark. 153, 10 S.W.2d 513, as follows: `While it is a doctrine of universal application that the functions of the Legislature must be exercised by it alone, and cannot be delegated, it is equally well settled that the Legislature may delegate to executive officers the power to determine certain facts, or the happening of a certain contingency, on which the operation of the statute is by its terms made to depend. 12 C.J. 846, and 6 R.C.L., paragraph 165, p. 164. This principle has been frequently recognized by this court. . . . [W]e approved the rule announced in Cincinnati, etc., Rd. Co. v. Commissioners, 1 Ohio St. 77, as follows: `The true distinction is between the delegation of power to make the law, which necessarily involves the discretion as to what it shall be, and conferring authority or discretion as to its execution to be exercised under and in pursuance of the law. The first can not be done. To the latter no valid objection can be made.'
218 Ark. at 299-300.
Following these precepts, the court in Terrell concluded that "the Legislature did not delegate the power to make a law, but that it made a law and delegated the power to the [Commissioner of Revenues] to ascertain certain facts as a basis for putting the title and lien registration features of the law into operation." Id. at 301.
Similarly, in this instance, it is my opinion that a court faced with the question would likely find A.C.A. § 26-51-207 constitutional as a valid exercise of the legislature's authority to "enact a law and provide for operation under it to depend upon a contingency or condition." Swanbergv. Tart, 300, 311 Ark. 304, 778 S.W.2d 931 (1989). In my opinion, the legislature exercised its power by declaring what the income tax surcharge will be for tax years beginning in calendar year 2005 when the law is put into operation by the Chief Fiscal Officer's ascertainment of projected revenues. This authority is properly given, in my view, as an incident to his budget estimating responsibilities under the state accounting and budgetary procedures laws. See, e.g., A.C.A. §§ 19-4-301 etseq. (regarding the Chief Fiscal Officer's responsibilities in connection with budget information forms and budget estimates), 19-4-604 and19-4-1306 (requiring the Chief Fiscal Officer to make studies for the purpose of estimating revenues to be made available for distribution under the Revenue Stabilization Law, A.C.A. § 19-5-101 et seq.), and 19-4-608
(fiscal control duties). Certainly, the Chief Fiscal Officer exercises some amount of discretion in exercising these responsibilities. And it must be recognized that the legislature cannot lawfully confer "absolute, unregulated or undefined discretion in an administrative body. . . ." Walden v. Hart, 243 Ark. 650, 654, 420 S.W.2d 868 (1967) (quoting City of Florence v. George, 127 S.E.2d 210 (S.C. 1962)). As reflected in Terrell, however, the legislature may confer discretion as to the law's execution "under and in pursuance of the law."218 Ark. at 300. In my opinion, A.C.A. § 26-51-207 confers such discretion by basing the continued application of the surcharge upon budget estimates required under the General Accounting and Budgetary Procedures Law.
Although I have found no helpful case law on point, two other state Attorneys General have reached similar conclusions regarding legislation that was made contingent upon administrative revenue projections. See
Kan. Op. Att'y Gen. No. 85-6 (using Secretary of Revenue's sales tax revenue estimates to determine the amount of moneys to transfer from the state general fund to the state highway fund); S.C. Op. Att'y Gen. No. 4346 (May 11, 1976) (basing reinstatement of state employees' merit salary increases upon the Budget and Control Board's findings regarding increased general fund revenue projections).
It is my opinion based upon the foregoing that A.C.A. § 26-51-207
does not involve an unlawful delegation of legislative authority. It is therefore constitutional in my opinion.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Ark. Const. art. 4, § 1, together with art. 4, § 1, which identifies the separate departments of government, establishes the so-called "separation of powers" doctrine. Article 4, Section 2 states: "No person, or collection of persons, being one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted."
[2] When the projection for fiscal year ending June 30, 2006, equals or exceeds $156,000,000, then the income tax surcharge will expire. A.C.A. § 26-51-207(f)(3)(A). If the projection is between $139,000,000 and $156,000,000, the rate of the surcharge is reduced to 1%. Id. at (3)(B). If the projection is between $121,000,000 and $139,000,000, then the rate is reduced to 2%. Id. at (3)(C).
[3] Section 26-51-207(f)(2), supra, refers to A.C.A. § 19-4-202(b), which states that "[t]he Legislative Council shall require from the Chief Fiscal Officer of the State, not later than sixty (60) days prior to the convening of the General Assembly, the budget estimates and recommendations prepared by him."
[4] The legislation at issue in Terrell (§ 93 of Act 142 of 1949) authorized the Commissioner of Revenues to set the effective date for motor vehicle registration). 218 Ark. at 300.