The Honorable Larry Prater State Representative 8800 Prater Lane Cedarville, Arkansas 72932
Dear Representative Prater:
I am writing in response to your request for my opinion of the following question submitted on behalf of the Press Argus-Courier:
 Is the City of Van Buren in violation of A.C.A. § 24-12-129 by paying insurance premiums for former elected officials? The city has paid for the entire premium since Ordinance 26-1978 was passed on July 17, 1978, by a lame duck city council.
 Is Van Buren in violation of state law by offering the insurance to elected officials with 10 years service but not to employees who leave after 10 years?
 Are the former elected officials who attained 10 years service prior to enactment of A.C.A. § 24-12-129, eligible to receive municipal insurance benefits? If so, is it legal for the city to pay for those premiums or does the former official pay the premiums?
 Are the former elected officials who attained 10 years service after enactment of A.C.A. § 24-12-129 eligible to receive municipal insurance benefits? If so, can the city legally pay those premiums or does the former elected official have to pay the premiums?
 Can the Van Buren Water and Sewer Commission offer municipal insurance to its commissioners who are appointed, not elected? Is it legal for the Van Buren Water and Sewer Commission to pay the entire medical insurance premiums for those commissioners?
RESPONSE
In my opinion, with respect to your first question, the City of Van Buren may continue to pay the entire premium of medical health insurance through the municipal insurance plan for officials who retired with ten years of service prior to July 28th, 1995, and that the City may continue to offer health insurance to retirees with only ten years of service, as opposed to the twenty required under A.C.A. § 24-12-129 if the retiree pays the entire premium. I also opine that the City of Van Buren is in violation of A.C.A. § 24-12-129 (Repl. 2002) if it pays the entire medical insurance premium for municipal officials who retired after July 28, 1995, and do not meet the exceptions found in A.C.A. §24-12-130 (Repl. 2002). With respect to your second question, I believe that the city of Van Buren may legally differentiate between an elected official and an employee for the purposes of extending health insurance coverage to retirees. With respect to your third question, I opine that officials who retired prior to the effective date of A.C.A. § 24-12-129
may receive municipal insurance and that the city council may pay the entire premium. With respect to your fourth question, it is my opinion that a municipal official is not eligible to receive municipal insurance if they retired after July 28, 1995, unless they meet the requirements of A.C.A. § 24-12-129 or the City Council of Van Buren includes them under the exceptions found in A.C.A. § 24-12-130. In either instance, I opine that the retiree must pay the entire premium as described in A.C.A. §24-12-129. With respect to your fifth question, I opine that the Van Buren Water and Sewer Commission may only offer municipal insurance to its commissioners if the city council has approved insurance as part of the commissioners' compensation and has properly appropriated funds for such compensation.
Question 1: Is the City of Van Buren in violation A.C.A. § 24-12-129 bypaying insurance premiums for former elected officials? The city has paidfor the entire premium since Ordinance 26-1978 was passed on July 17,1978, by a lame duck city council.
A municipality has only so much power as has been expressly granted by the legislature or the Arkansas Constitution, as is necessarily incident to the execution of those granted powers, or as is indispensable and not merely convenient to carry out the enumerated powers. Stilley v. Henson,342 Ark. 346, 354-55, 28 S.W.3d 274 (2000) (citing Cosgrove v. City ofWest Memphis, 327 Ark. 324, 938 S.W.2d 827 (1997)); see also Op. Att'y Gen. 2004-029. Pension systems and fringe benefits are state affairs under A.C.A. § 14-43-601, and any municipal legislation pertaining to the pension systems must conform to the general laws of the State of Arkansas, under 14-14-601(a)(2). See also Op. Att'y Gen. 99-170. I reiterate my predecessor's conclusion that any retirement system or plan by a municipality must comply with the general laws of Arkansas under A.C.A. § 14-43-601, namely, A.C.A. § 24-12-129 and § 24-12-130.
To properly analyze your question, an understanding of the history and different language used in the applicable statutes is required. Act 664 of 1995 created § 24-12-129 of the Arkansas Code. As originally enacted, A.C.A. § 24-12-129 stated:
 When any municipal official or employee age fifty-five (55) or over, and who is vested in the retirement system retires, the official or employee may continue to participate in the municipality's health care plan, as long as the official or employee pays both employer and employee contributions to the health care plan.
Act 664 of 1995, § 1. Arkansas Code Annotated § 24-12-129 became effective on July 28, 1995. In the subsequent legislative session, Act 1098 of 1997 amended A.C.A. § 24-12-129 and added A.C.A. § 24-12-130 in the following manner:
 SECTION 1. Arkansas Code Annotated § 12-24-129 is amended to read as follows:
"24-12-129. Municipal officials and employees.
 When any municipal official or employee age fifty-five (55) or over, who has completed twenty (20) years of service to the municipality and who is vested in the retirement system retires, the official or employee may continue to participate in the municipality's health care plan, receiving the same medical benefits and paying the same premium as active employees as long as the retired official or employee pays both employer and employee contributions to the health care plan."
 SECTION 2. Nothing in this act should be interpreted to prevent a municipality from providing benefits greater than contained in this act. Further, any person who qualified and participated in a municipal health care plan under Arkansas Code § 24-12-129 shall continue to be eligible to participate in the health care plan after the effective date of this act.
Acts 1997, 1098, §§ 1 and 2. Act 1098 became effective on August 1, 1997. I have opined that one of the purposes of A.C.A. § 24-12-130 was to ensure that all municipal retirees who were participating in a municipal health care plan prior to August 1, 1997 would retain their benefits even under the new language of the Act. Op. Att'y Gen. 2003-234. The General Assembly further clarified A.C.A. § 24-12-130 in 2001 to state:
 Nothing contained in A.C.A. § 24-12-129 should be interpreted to prevent a municipality from providing benefits greater than contained in § 24-12-129 to retirees who are less than age fifty-five (55) or who have completed fewer than twenty (20) years of municipal service.
Further, any person who qualified and participated in a municipal health care plan under § 24-12-129 shall continue to be eligible to participate in the health care plan after August 1, 1997.
A.C.A. § 24-12-130 (Repl. 2002) as amended by Act No. 241 of 2001. There are three classes of municipal retirees in the eyes of the law: those who retired before July 28, 1995, those that retired between July 28, 1995 and August 1, 1997, and those that retired after August 1, 1997.
With respect to retirees who retired before July 28, 1995, with ten years of municipal service, I believe that the city of Van Buren may continue to provide health insurance and pay the premiums for that insurance as it has been doing. This reflects the fact that A.C.A. § 24-12-129 should not be applied retroactively. In answering a similar question, I noted that legislation is presumed to be prospective unless the General Assembly expressly provides otherwise or necessarily implies an intent to give the legislation a retroactive effect through the language used. Op. Att'y Gen. 2004-094 (citing City of Cave Springs v. City of Rogers,343 Ark. 652, 37 S.W.3d 607 (2001)). Any doubt on the application of legislation will be resolved against retroactivity. Id. Furthermore, the Arkansas Supreme Court has stated that, "legislation affecting pension rights should contain an express provision if it is to be construed as having retroactive application." Arkansas Fire Police Pension Rev. Bd.v. Stephens, 309 Ark. 537, 541, 822 S.W.2d 239
(1992).
The original A.C.A. § 24-12-129 (Repl. 1996) did not contain any words of retroactivity. One of my predecessors opined that A.C.A. § 24-12-129 did not operate retroactively for the purpose of extending insurance to individuals who were not covered prior to its enactment. Op. Att'y Gen.95-279; see also Op. Att'y Gen. 2004-094. I agree with that opinion and the logical converse thereof. Arkansas Code Annotated § 24-12-129 should not operate retroactively to strip insurance from individuals already participating. Furthermore, I have not found any applicable State laws before 1995 relating to the requirements of a municipal retirement and pension plan as to allowing retired municipal employees' and officials' participation in the municipal health plan. The requirement of twenty years of municipal service as a prerequisite to participating in a municipal health plan upon retirement was not effective until August 1, 1997. I opine that the City of Van Buren may continue to extend health insurance to retired municipal official with ten years of municipal service who retired before July 28, 1995.
The second set of retirees are those who retired between the effective date of the original A.C.A. § 24-12-129, July 28, 1995, and August 1, 1997, the effective date of A.C.A. § 24-12-129 as amended by Act 1098 of 1997. The additional requirement of 20 years of service to be eligible to participate in a municipal health insurance plan upon retirement might have stripped numerous retirees of continuing to receive benefits, had the General Assembly not enacted A.C.A. § 24-12-130 at the same time. Arkansas Code Annotated § 24-12-130 contains a savings clause. As I opined in Op. Att'y Gen. 2003-234, the last sentence of A.C.A. § 24-12-130
acts to ensure that retirees who retired after July 28, 1995 but before August 1, 1997 with less than twenty years of municipal service would continue to receive the benefits under A.C.A. § 24-12-129. I reiterate my opinion that a municipal retiree with less than twenty years of service who retired between July 28, 1995, and August 1, 1997, may continue to receive benefits under A.C.A. § 24-12-129. These retirees, however, must pay the entire premium themselves in accordance with A.C.A. § 24-12-129
because the savings clause only ensures eligibility for retirees with less than twenty years of municipal service who retired prior to August 1, 1997, and does not obviate the requirement that the retiree pay the entire premium. See, e.g. Op. Att'y Gen. 99-170. I opine that the city of Van Buren may continue to offer municipal health insurance to officials who retired after July 28, 1995, and before August 1, 1997, with less than twenty years of municipal service so long as the retirees receiving the health insurance pay the entire premium in accord with A.C.A. §24-12-129.
The third and final set of retirees is the group of retirees who retired after August 1, 1997, the effective date of the amended A.C.A. §24-12-129 and A.C.A. § 24-12-130. As of August 1, 1997, municipal employees who retire at age fifty-five or older, who were vested in the retirement system, and who had twenty years of service to a municipality are entitled to participate in the municipal health care plan so long as the retirees pay the entire premium on the health insurance. A.C.A. §24-12-129 (Repl. 2002); See also Op. Att'y Gen. 2003-317. I have opined, however, that the provisions of A.C.A. § 24-12-130 are permissive. I believe that A.C.A. § 24-12-130 allows a municipality to extend insurance coverage to retired municipal officials who are not entitled to the coverage under A.C.A. § 24-12-129. Op. Att'y Gen. 2003-317. I reiterate that opinion here and am enclosing a copy of Opinion No. 2003-317 for your convenience.
Your request for an opinion implies that the Van Buren City Council is paying the entire health insurance premium for municipal officials who retired after August 1, 1997. I believe that such payments are barred by A.C.A. § 24-12-129 which requires the retired municipal officials who are participating in the municipal health care plan to pay the entire premium. Municipal health care plans for retirees are subject to State law under A.C.A. § 14-14-601, and I believe that any attempt by a municipality to pay the entire premium on health insurance for retired officials is in violation of A.C.A. § 24-12-129.
The original language of A.C.A. § 24-12-130 provided that a municipality could provide "greater" benefits than required in A.C.A. § 24-12-129. I believe that "greater benefits" in its plain and ordinary language refers to the participation eligibility. The benefit conferred by A.C.A. §24-12-129 is participation in the municipal health care plan after retirement, subject to the condition that the retiree pay the entire premium. Section 24-12-130 does not mean that a municipality may ignore the requirement of A.C.A. § 24-12-129 that a retiree pay the entire premium. The language used by the legislature in clarifying the section demonstrates the intent of the legislature with respect to A.C.A. §24-12-130. Furthermore, a statute is read first for its plain and ordinary meaning. The word "greater" does not, to me, imply that the municipality may pay the premiums involved, only that the level of benefits and who is covered may, at the choice of the municipality, be greater than the minimum required in A.C.A. § 24-12-129. Arkansas Code Annotated § 24-12-130, as amended by Act 241 of 2001, does allow a municipality to extend the benefits of participation in a municipal health insurance plan to retirees who are not fifty-five years of age when they retire, who have not accumulated twenty years of service, or both.[1] This does not allow the municipality to ignore the requirement of A.C.A. § 24-12-129 that a retiree participating in a municipal health insurance plan must pay the entire premium.
I opine that a city would appear to be in violation of A.C.A. § 24-12-129
only if it were (1) paying the insurance premiums of municipal officials who retired after July 28, 1995, or (2) extending participation in the municipal health plan to retirees who retired after August 1, 1997 and who were both under the age of fifty-five and had less than twenty years of service at the time of retirement.
Question 2: Is Van Buren in violation of state law by offering theinsurance to elected officials with 10 years service but not to employeeswho leave after 10 years?
The provisions of A.C.A. § 24-12-129 are mandatory. Once a retired municipal official or employee has vested in the retirement system, has reached the age of fifty-five, and has accumulated twenty years of service he or she is entitled to participate in the health insurance program of the municipality so long as the retiree pays all the premiums. Under A.C.A. § 24-12-130, the municipality may offer insurance to retirees who are vested in the retirement system and either are not yet fifty-five or have not accumulated twenty years of service. Your question addresses the disparity in the classification of official or employee with respect to the City Council's choice to extend benefits under A.C.A. § 24-12-130 to officials with ten years of service but not to employees with ten years of service. The City of Van Buren has created a classification, elected official or hired employee, under the law that affords unequal treatment to similar classes of individuals. The Equal Protection Clause of the United States Constitution, U.S. Const. amend.14, and the Arkansas Constitution, Ark. Const. art. 2 §§ 2 and 3, may be implicated.
I believe that this classification would pass judicial scrutiny for equal protection under a rational basis test. Equal protection prevents undue classifications from treating classes of similarly situated individuals differently. U.S. Const. amend. 14, Ark. Const. art. 2, §§ 2 and 3. When a classification does not implicate a suspect class, such as race or national origin, or a fundamental right, such as the right to vote or the right to marry, the government need only show that the classification could pass a rational basis test. This classification does not implicate either a suspect class or a fundamental right and is properly analyzed with a rational basis test.
A classification is rational if the classification works to further some legitimate government objective and the classification is rationally related to furthering that objective. See, e.g. Vacco v. Quill,521 U.S. 793 (1997); Romer v. Evans, 517 U.S. 620, (1996); Clementsv. Fashing, 457 U.S. 957 (1982); and Op. Att'y Gen. 2003-013. The courts will not require an actual showing of a rational basis, but will uphold a classification that does not implicate a suspected class or fundamental right if a hypothetical rational basis maybe found. See, e.g. Ester v.National Home Ctrs., Inc., 335 Ark. 356, 981 S.W.2d 91(1998); Reed v.Glover, 319 Ark. 16, 889 S.W.2d 729 (1994); Arkansas Hospital Assoc. v.State Board of Pharmacy, 297 Ark. 454, 763 S.W.2d 73 (1989); and Op. Att'y Gen. 2003-013. In this case, the legitimate government purpose in offering to extend participation in municipal health systems to retired officials with ten years of municipal service but not to retired employees with only ten years of municipal service could be the encouragement of individuals to be involved in government through elected office. I believe that this would be sufficient to pass constitutional muster.
I opine that A.C.A. §§ 24-12-129 and -130 likely authorize the Van Buren City Council to offer insurance in the described situation.
Question 3: Are the former elected officials who attained 10 yearsservice prior to enactment of A.C.A. § 24-12-129, eligible to receivemunicipal insurance benefits? If so, is it legal for the city to pay forthose premiums or does the former official pay the premiums?
As discussed in the response to Question 1, above, A.C.A. § 24-12-129
does not apply retroactively. In my opinion, the Van Buren City Council may continue to extend health insurance and continue to pay the premiums of that health insurance for any municipal employee or official who retired prior to July 28, 1995 and who had 10 years of municipal service.
Question 4: Are the former elected officials who attained 10 yearsservice after enactment of A.C.A. § 24-12-129 eligible to receivemunicipal insurance benefits? If so, can the city legally pay thosepremiums or does the former elected official have to pay the premiums?
As discussed in the response to Question 1, above, I believe that any retirement plan offered by the Van Buren City Council must comply with A.C.A. §§ 24-12-129 and -130. If the Van Buren City Council chooses to extend municipal health insurance to retired officials you describe under A.C.A. § 24-12-130 who do not meet the mandatory requirements under A.C.A. § 24-12-129, the remaining applicable portions of A.C.A. §24-12-129 require that the retiree participating in the municipal health care system pay the entire premium. The savings clause portion of A.C.A. § 24-12-130 does not abrogate the requirement that the retiree pay the entire premium under A.C.A. § 24-12-129.
In my opinion, the City of Van Buren may choose to extend insurance to officials who retire after August 1, 1997, with ten years of municipal service so long as those retirees pay the entire insurance premium pursuant to A.C.A. § 24-12-129.
Question 5: Can the Van Buren Water and Sewer Commission offer municipalinsurance to its commissioners who are appointed, not elected? Is itlegal for the Van Buren Water and Sewer Commission to pay the entiremedical insurance premiums for those commissioners?
As I read this question, you are asking for my opinion on whether the Van Buren Water and Sewer Commission may offer municipal insurance to itscurrent Commissioners and whether the Van Buren Water and Sewer Commission may pay the entire medical insurance premiums for those samecurrently serving Commissioners. The question, therefore, does not implicate A.C.A. §§ 24-12-129 and -130 which specifically deal with retirees.
I assume that the Van Buren Water and Sewer Commission is formed pursuant to A.C.A. § 14-234-116 (Repl. 1998), authorizing joint sewer and water commissions for municipalities. I believe that the City Council retains the authority to determine whether health insurance premiums are properly part of the compensation for a commissioner appointed to the Van Buren Water and Sewer Commission under Amendment 56 to the Arkansas Constitution.
As discussed in the response to Question 1, above, a municipality has only as much power as has been granted by the Constitution or General Assembly, as is necessarily implied to execute the grant of powers from the Constitution or the General Assembly, and as is necessary rather than just convenient. Stilley, 342 Ark. at 354-55. The governing body of a municipality shall have the power to determine the "compensation" of all city officials. Ark. Const. Amend. 56, § 4. Compensation includes insurance and fringe benefits. Op. Att'y Gen. 98-038. It is thus necessary to determine whether the commissioners on the Van Buren Sewer and Water Commission are municipal officials.
The Arkansas Supreme Court has noted that the characteristics of an "office" by saying:
 A public officer ordinarily exercises some part of the State's sovereign power. His tenure of office, his compensation, and his duties are usually fixed by law. The taking of an oath of office, the receipt of a formal commission, and the giving of a bond all indicate that a public office is involved, although no single factor is ever conclusive.
Maddox v. State, 220 Ark. 762, 763-64, 249 S.W.2d 972 (1952); see also
Op. Att'y Gen. 2003-056. A waterworks commissioner, and a joint water and sewer works commissioner under A.C.A. § 14-234-116, is subject to the requirements of A.C.A. § 14-234-301 through -310 (Repl. 1998). A waterworks commissioner is appointed by the Mayor and confirmed by the city council under A.C.A. § 14-234-304(a)(1) and serves for eight years under A.C.A. § 14-234-304(a)(2)(B). The salary of the waterworks commissioners shall be fixed by the city council. A.C.A. §14-234-304(c). Furthermore, waterworks commissioners are required to file the oath of public officials. A.C.A. § 14-234-304(e). On these facts, I believe that the Commissioners of the Van Buren Water and Sewer Commission are city officials or officers within the meaning of Ark. Const. amend. 56, § 4. The city council is constitutionally authorized to set the compensation of the commissioners, which includes insurance and fringe benefits.
The further question, then, is whether the Van Buren City Council may delegate this authority to the Van Buren Water and Sewer Commission. The Arkansas Supreme Court has recognized the general proposition that the legislative powers of a municipality may not be delegated, though administrative and ministerial tasks are often delegated in the municipal context. Paragould Cablevision v. City of Paragould, 305 Ark. 476, 485,809 S.W.2d 688 (1991). While a legislative body may delegate the power to determine certain facts that the execution of the law depends upon. See,e.g. Leathers v. Gulf Rice Arkansas, Inc., 338 Ark. 425, 431,994 S.W.2d 481 (1999); Swanberg v. Tart, 300 Ark. 304, 311, 778 S.W.2d 931
(1989); and Terrell v. Loomis, 218 Ark. 296,299-300, 235 S.W.2d 961 (1951). A legislative body may not delegate its essential, legislative functions.Id. In this situation, the Arkansas Constitution, amendment 56, § 4 vests the power to determine compensation of municipal officials in the governing body of a municipality. I believe that this is an essentially legislative duty of the city council that may not be bargained away.See, e.g. Czech v. Baer, 283 Ark, 457, 460-61, 677 S.W.2d 833 (1984). The Constitution of Arkansas vests this power in the governing body of a municipality. Ark. Const., amend. 56, § 4. The City Council must make the appropriate actions through ordinance to appropriate the funds and authorize the compensation of the commissioners to include municipal health insurance and may not delegate this authority.
Your question implies that the Commission, rather than the City Council, is offering the insurance. I am unable to determine from your question whether the Van Buren City Council has properly appropriated funds or authorized that the Commissioners should receive health insurance. If, as discussed above, the City Council had properly appropriated funds and determined that the commissioners' compensation should include medical insurance, then I believe it would be legal for the Van Buren Water and Sewer Commission to pay the medical insurance premiums of the commissioners. If, however, the city council did not make the determination that the commissioners should be granted insurance as part of their compensation, then I opine that the Commission does not have the authority to offer its commissioners health insurance much less for the commission to pay the entire premiums.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] The language of A.C.A. § 24-12-130 as amended by Act 241 of 2001 uses the word "or" to separate fifty-five years of age and twenty years of service. This section, therefore, does not prohibit a city from authorizing the participation of retirees who are less than fifty-five or who have completed less than twenty years of service. A question may arise as to whether a city is authorized to waive one of the applicable criterion or both. The question in this regard is whether the "or" was actually intended as an "and" or an "and/or." Legislative clarification on this point appears warranted.